## FORNEY *v.* APFEL, COMMISSIONER OF SOCIAL SECURITY

No. 97–5737.   Argued April 22, 1998—Decided June 15, 1998

BREYER, J., delivered the opinion for a unanimous Court.

*Ralph Wilborn* argued the cause for petitioner. With him on the briefs were *Tim Wilborn* and *Eric Schnaufer.*

*Lisa Schiavo Blatt* argued the cause for respondent in support of petitioner. With her on the briefs were *Solicitor General Waxman, Assistant Attorney General Hunger, Deputy Solicitor General Kneedler,* and *William Kanter.*

*Allen R. Snyder,* by invitation of the Court, 522 U. S. 1088 (1998), argued the cause as *amicus curiae* in support of the judgment below.

JUSTICE BREYER delivered the opinion of the Court.

The question in this case is whether a Social Security disability claimant seeking court reversal of an agency decision denying benefits may appeal a district court order remanding the case to the agency for further proceedings. We conclude that the law authorizes such an appeal.

I

Sandra K. Forney, the petitioner, applied for Social Security disability benefits under § 223 of the Social Security Act, as added, 70 Stat. 815, and as amended, 42 U. S. C. § 423. A Social Security Administration Administrative Law Judge (ALJ) determined (1) that Forney had not worked since the

onset of her medical problem, and (2) that she was more than minimally disabled, but (3) that she was not disabled enough to qualify for benefits automatically. Moreover, her disability, (4) while sufficiently serious to prevent her return to her former work (cook, kitchen manager, or baker), (5) was not serious enough to prevent her from holding other jobs available in the economy (such as order clerk or telephone answering service operator). App. 12–28. The ALJ consequently denied her disability claim, id., at 28, and the Administration's Appeals Council denied Forney's request for review, App. to Pet. for Cert. 39–40; see generally *Bowen* v. *Yuckert*, 482 U. S. 137, 140–142 (1987) (setting forth five-part "disability" test); 20 CFR § 404.1520 (1997) (same).

Forney then sought judicial review in Federal District Court. The court found the agency's final determination—that Forney could hold other jobs—inadequately supported because those jobs "require frequent or constant reaching," but the record showed that Forney's "ability to reach is impaired." *Forney* v. *Secretary*, Civ. No. 94–6357 (D. Ore., May 1, 1995); App. 127–128. The District Court then entered a judgment, which remanded the case to the agency for further proceedings (pursuant to sentence four of 42 U. S. C. § 405(g)). *Id.*, at 128.

Forney sought to appeal the remand order. She contended that, because the agency had already had sufficient opportunity to prove the existence of other relevant employment (and for other reasons), its denial of benefits should be reversed outright. The Court of Appeals for the Ninth Circuit did not hear her claim, however, for it decided that Forney did not have the legal right to appeal. *Forney* v. *Chater*, 108 F. 3d 228, 234 (1997).

Forney sought certiorari. Both she and the Solicitor General agreed that Forney had the legal right to appeal from the District Court's judgment. The Solicitor General suggested that we reverse the Ninth Circuit and remand the case so that it could hear Forney's appeal. We granted cer-

tiorari to consider the merits of this position, and we appointed an *amicus* to defend the Ninth Circuit's decision. We now agree with Forney and the Solicitor General that the Court of Appeals should have heard Forney's appeal.

## II

Section 1291 of Title 28 of the United States Code grants the "courts of appeals . . . jurisdiction of appeals from all *final decisions* of the district courts." (Emphasis added.) Forney's appeal falls within the scope of this jurisdictional grant. That is because the District Court entered its judgment under the authority of the special "judicial review" provision of the Social Security Act, which says, in its fourth sentence, that "district court[s]" (reviewing, for example, agency denials of Social Security disability claims)

> "shall have power to enter . . . a *judgment* affirming, modifying, or reversing the decision of the [agency] with or without remanding the cause for a rehearing," 42 U. S. C. § 405(g) (emphasis added),

and which adds, in its eighth sentence, that the

> "*judgment* of the court *shall be final* except that it *shall be subject to review* in the same manner as a judgment in other civil actions," *ibid.* (emphases added).

This Court has previously held that this statutory language means what it says, namely, that a district court order remanding a Social Security disability benefit claim to the agency for further proceedings is a "final judgment" for purposes of § 1291 and it is, therefore, appealable. *Sullivan* v. *Finkelstein*, 496 U. S. 617 (1990); see also *Shalala* v. *Schaefer*, 509 U. S. 292, 294 (1993) (statute that requires attorney's fees application to be filed within "thirty days of final judgment" requires filing within 30 days of entry of § 405(g) "sentence four" district court remand order, not within 30 days of final agency decision after remand).

*Finkelstein* is not identical to the case before us. It involved an appeal by the Government; this case involves an appeal by a disability benefits claimant. Moreover, the need for immediate appeal in *Finkelstein* was arguably greater than that here. The District Court there had invalidated a set of Health and Human Services regulations, and the Government might have found it difficult to obtain appellate review of this matter of general importance. Further, the Court, in *Finkelstein,* said specifically that it would "express no opinion about appealability" where a party seeks to "appeal on the ground that" the district court should have granted broader relief. 496 U. S., at 623, n. 3.

*Finkelstein*'s logic, however, makes these features of that case irrelevant here. *Finkelstein* focused upon a "class of orders" that Congress had made "appealable under § 1291." *Id.,* at 628. It reasoned, primarily from the language of § 405(g), that a district court judgment remanding a Social Security disability benefit case fell within that class. Nothing in the language, either of the statute or the Court's opinion, suggests that such an order could be "final" for purposes of appeal only when the Government seeks to appeal but not when the claimant seeks to do so. Nor does the opinion's reasoning permit an inference that "finality" turns on the order's importance or the availability (or lack of availability) of an avenue for appeal from the different, later, agency determination that might emerge after remand.

The Ninth Circuit itself recognized that the District Court's judgment was "final" for purposes of appeal, for it said that any effort "to conclude" that a judgment remanding the case is "not final for the claimant" was "inconsistent" with *Finkelstein.* 108 F. 3d, at 232. The court added that it would be "error for the district court to attempt to retain jurisdiction" after remanding the case; and it wrote that the remand judgment, which ended the "civil action," must be "'final' in a formalistic sense . . . for all parties to it." *Ibid.*

The Court of Appeals nonetheless reached a "no appeal" conclusion—but on a different ground. It pointed out that a "party normally may not appeal [a] decision in its favor." *Ibid.* (citing *Electrical Fittings Corp.* v. *Thomas & Betts Co.*, 307 U. S. 241, 242 (1939)). And it said that Forney had obtained a decision in her favor here. Because Forney "may, on remand, secure all of the relief she seeks," the court wrote, she is a "prevailing" party and therefore cannot appeal. 108 F. 3d, at 232–233.

We do not agree. We concede that this Court has held that a "party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it." *Deposit Guaranty Nat. Bank* v. *Roper,* 445 U. S. 326, 333 (1980). But this Court also has clearly stated that a party is "aggrieved" and ordinarily can appeal a decision "granting in part and denying in part the remedy requested." *United States* v. *Jose,* 519 U. S. 54, 56 (1996) *(per curiam).* And this latter statement determines the outcome of this case.

Forney's complaint sought as relief:

"1. That this court reverse and set aside the decision . . . denying [the] claim for disability benefits;

"2. In the alternative, that this court remand the case back to the Secretary for proper evaluation of the evidence or a hearing *de novo.*" App. 37.

The context makes clear that, from Forney's perspective, the second "alternative," which means further delay and risk, is only half a loaf. Thus, the District Court's order gives petitioner some, but not all, of the relief she requested; and she consequently can appeal the District Court's order insofar as it denies her the relief she has sought. Indeed, to hold to the contrary would deny a disability claimant the right to seek reversal (instead of remand) through a cross-appeal in cases where the Government itself appeals a re-

mand order, as the Government has every right to do. See *Finkelstein, supra,* at 619.

The Solicitor General points to many cases that find a right to appeal in roughly comparable circumstances. See Brief for Respondent 21, n. 12 (citing *Gargoyles, Inc.* v. *United States,* 113 F. 3d 1572 (CA Fed. 1997) (permitting appeal where prevailing party recovered reasonable royalty but was denied lost profits); *Castle* v. *Rubin,* 78 F. 3d 654 (CADC 1996) *(per curiam)* (permitting appeal where prevailing party awarded partial backpay but denied reinstatement and front pay); *La Plante* v. *American Honda Motor Co.,* 27 F. 3d 731 (CA1 1994) (permitting appeal where prevailing party awarded compensatory but not punitive damages); *Graziano* v. *Harrison,* 950 F. 2d 107 (CA3 1991) (permitting appeal where prevailing party awarded damages but denied attorney's fees); *Ragen Corp.* v. *Kearney & Trecker Corp.,* 912 F. 2d 619 (CA3 1990) (permitting appeal where prevailing party denied consequential damages); *Carrigan* v. *Exxon Co., U. S. A.,* 877 F. 2d 1237 (CA5 1989) (permitting appeal where prevailing party awarded damages but not injunctive relief)).

The contrary authority that *amicus,* through diligent efforts, has found arose in less closely analogous circumstances and consequently does not persuade us. Brief for *Amicus Curiae* in Support of the Judgment Below 17, and n. 13; see, *e. g., Parr* v. *United States,* 351 U. S. 513, 518 (1956) (order granting Government's motion to dismiss indictment without prejudice as not appealable by defendant in part *because the dismissal would not be "final"* (emphasis added)); see also *CH2M Hill Central, Inc.* v. *Herman,* 131 F. 3d 1244, 1246–1247 (CA7 1997) (claimant cannot appeal *agency* appeals panel remand of case for further agency hearing, for appeals order is not type of final agency decision that is reviewable under relevant judicial review statute); *Director, Office of Workers' Compensation Programs* v. *Bath Iron Works Corp.,* 853 F. 2d 11, 16 (CA1 1988) (same); *Stripe-A-Zone* v.

*Occupational Safety and Health Review Comm'rs*, 643 F. 2d 230, 233 (CA5 1981) (same).

Finally, we recognize that the Ninth Circuit expressed concern that a rule of law permitting appeals in these circumstances would impose additional, and unnecessary, burdens upon federal appeals courts. The Solicitor General, while noting that the federal courts reviewed nearly 10,000 Social Security Administration decisions in 1996, says that the "[p]ractical [c]onsequences" of permitting appeals "[a]re limited." Brief for Respondent 26; Reply Brief for Respondent 17, n. 13. Except for unusual cases, he believes, a claimant obtaining a remand will prefer to return to the agency rather than to appeal immediately seeking outright agency reversal—because appeal means further delay, because the chance of obtaining reversal should be small, and because the appeal (if it provokes a Government cross-appeal) risks losing all. Brief for Respondent 26–29.

Regardless, as we noted in *Finkelstein*, congressional statutes governing appealability normally proceed by defining "classes" of cases where appeals will (or will not) lie. 496 U. S., at 628. The statutes at issue here do not give courts the power to redefine, or to subdivide, those classes, according to whether or not they believe, in a particular case, further agency proceedings might obviate the need for an immediate appeal. Thus, if the Solicitor General proves wrong in his prediction, the remedy must be legislative in nature.

For these reasons, the judgment of the Ninth Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*