SLOVITER, Circuit Judge,
concurring.
I concur in the opinion of Judge Mans-mann. I write separately to express my concern that our opinions, and those of other courts, dealing with the issue of appellate jurisdiction over district court orders remanding to an administrative agency have used language that is inconsistent with basic principles of federal jurisdiction. In particular, I take issue with language referring to our jurisdiction in that instance as an “exception” to the finality rule. See, e.g., Bridge v. United States Parole Commission, 981 F.2d 97, 101-02 (3d Cir.1992); United States v. Spears, 859 F.2d 284, 287 (3d Cir.1988); Perales v. Sullivan, 948 F.2d 1348, 1353 (2d Cir.1991). In plain words, there can be no judicially created “exception” to the jurisdiction Congress has granted the courts of appeals.
I.
Any analysis of the jurisdiction of the courts of appeals must begin with the recognition that under our Constitutional separation of powers it is Congress that sets the jurisdiction of the federal courts, and the judiciary has no power to make exceptions to the congressional determinations in that respect. See United States v. Hollywood Motor Car Co., 458 U.S. 263, 264, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982) (per curiam); see also 15A Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3905, at 232 (2d ed.1991).
When Congress made its initial division of the jurisdiction between the federal trial courts and the appellate courts, it drew the line at final decisions. “The general principle of federal appellate jurisdiction, derived from the common law and enacted by the First Congress, requires that review of nisi prius proceedings await their termination by final judgment.” DiBella v. United States, 369 U.S. 121, 124, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962) (citing First Judiciary Act, §§ 21, 22, 25, 1 Stat. 73, 83, 84, 85 (1789)); see also 15A Wright, Miller & Cooper, supra, § 3907, at 268 (“For two centuries, the final judgment rule has been the heart of appellate jurisdiction in the federal system.”).[9]
With few exceptions, that remains the touchstone today. The Supreme Court has explained that the final judgment rule discourages piecemeal appeals which carry with them the potential for harassment and excessive costs for litigants, see Cobbledick v. United States, 309 U.S. 323, 325-26, 60 S.Ct. 540, 84 L.Ed. 783 (1940); 15A Wright, Miller & Cooper, supra, § 3905, at 239, and protects the independence of the district judge, see Firestone, 449 U.S. at 374, 101 S.Ct. 669. The final judgment rule has survived because it is generally believed that it “promot[es] efficient judicial administration.” Id. (citing Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 170, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974)).
Over the years, Congress has made discrete decisions “that particular policies require that private rights be vindicable immediately.” See Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 880 n. 7, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994) (discussing provision for immediate appeal under 9 U.S.C. § 16(a) when district court declines to send case to commercial arbitrator). However, such a decision is always characterized by an express congressional judgment. See, e.g., 28 U.S.C. § 1292(a)(1) (authorizing appeal from interlocutory orders granting, modifying, denying etc. injunctions); 28 U.S.C. § 1292(b) (authorizing interlocutory appeal on certification). The Supreme Court has cautioned that the existence of those con *123 gressional policy judgments “by no means suggests that [the courts] should now be more ready to make similar judgments for themselves” and to expand the scope of appellate jurisdiction beyond that set by Congress. Digital Equip. Corp., 511 U.S. at 880 n. 7, 114 S.Ct. 1992.
II.
It follows that the references to “exceptions” to our statutorily authorized jurisdiction are misguided. Even the Supreme Court has no power to make an exception to the finality rule that does not have a statutory predicate. Nonetheless, opinions of the lower federal courts repeatedly refer to the collateral order “exception” emanating from the holding of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), that the courts of appeals have jurisdiction over “a small class of orders” that, albeit not the final decision in the case, resolve important questions completely separate from the merits, which would be effectively unreviewable were they to wait appeal from the final judgment in the underlying action. The notion of an “exception” to the finality doctrine is illogical as Congress alone establishes our appellate jurisdiction.
The collateral order doctrine was hardly a new theory of finality never previously comprehended. More than two decades earlier, the Court stated that, although final judgments are the rule,
it is well settled that an adjudication final in its nature as to a matter distinct from the general subject of the litigation and affecting only the parties to the particular controversy, may be reviewed without awaiting the determination of the general litigation.
United States v. River Rouge Improvement Co., 269 U.S. 411, 414, 46 S.Ct. 144, 70 L.Ed. 339 (1926).
A leading treatise observes that “[t]he most certain aspect of collateral order appeals is that they depend on 28 U.S.C. § 1291, and thus must be characterized as appeals from ‘final decisions.’ ” 15A Wright, Miller & Cooper, supra, § 3911, at 347; see also id. § 3911, at 349 (emphasizing that § 1291 “remains the only available foundation” for collateral orders doctrine). Indeed, the Supreme Court has repeatedly adopted the view that jurisdiction to hear an appeal from a collateral order falls within the authority conferred by § 1291.
In Johnson v. Fankell, 520 U.S. 911, 917, 117 S.Ct. 1800, 138 L.Ed.2d 108 (1997), the Court stated: “In [Cohen], as in all of our cases following it, we were construing the federal statutory language of 28 U.S.C. § 1291.” In his scholarly opinion in Digital Equipment Corp., Justice Souter explained that “[t]he collateral order doctrine is best understood not as an exception to the ‘final decision’ rule laid down by Congress in § 1291, but as a ‘practical construction’ of it.” 511 U.S. at 867, 114 S.Ct. 1992. See also Firestone, 449 U.S. at 368, 101 S.Ct. 669 (“Cohen did not establish new law; rather, it continued a tradition of giving § 1291 a ‘practical rather than a technical construction.’ ”); Coopers & Lybrand, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (“[T]he Court held [the Cohen order] appealable as a ‘final decision’ under § 1291.”); Abney v. United States, 431 U.S. 651, 658, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) (“[T]his Court held [in Cohen ] that the Court of Appeals had jurisdiction under § 1291 to entertain an appeal from the District Court’s pretrial order.” (emphasis added)).
I agree with the majority that the two cases arising under the Social Security Act, Sullivan v. Finkelstein, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990), and Forney v. Apfel, 524 U.S. 266, 118 S.Ct. 1984, 141 L.Ed.2d 269 (1998), represent an exception to the final judgment rule. But the exception is one made by Congress, not the courts.
In Finkelstein, the Court considered the jurisdiction of the courts of appeals to hear an appeal by the Secretary of Health and Human Services from a district court’s order invalidating regulations issued by *124 the Secretary and remanding to the agency for renewed consideration of the claim for benefits. The Court observed that the language of 42 U.S.C. § 405(g) in the Social Security Act permitted a district court to enter “ ‘a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.’ ” Id at 625, 110 S.Ct. 2658 (quoting § 405(g)) (emphasis omitted). Further, § 405(g) made clear that such a judgment was “ ‘final except that it shall be subject to review in the same manner as a judgment in other civil actions.’ ” Id. (quoting § 405(g)) (emphasis omitted). In light of this language, the Court concluded that Congress had “define[d] a class of orders as ‘final judgments’ that by inference would be appeal-able under § 1291.” Id. at 628, 110 S.Ct. 2658. Justice Blackmun concurred, but stated he would have treated the appeal as falling within the confines of the collateral order doctrine. Id. at 632, 110 S.Ct. 2658 (Blackmun, J., concurring).
The issue arose eight years later in Forney v. Apfel, 524 U.S. 266, 118 S.Ct. 1984, 141 L.Ed.2d 269 (1998). There, it was an individual seeking benefits, rather than the government, who appealed the district court’s decision following a remand to the agency under § 405(g). The Court rejected the collateral order theory as the basis for appellate jurisdiction and emphasized, in a unanimous opinion, that Congress had created a class of orders through § 405(g) that were appealable as final orders under § 1291. Thus, because the district court decisions at issue in Finkelstein and For-ney were a class of orders declared “final” by Congress by construction of the language of the Social Security Act, they provide little assistance on the issue facing us now, the appealability of an order remanding to an agency under a statute that has no comparable provision for appeal.
Of course, it would have facilitated our decision as to our appellate jurisdiction over an order remanding to an administrative agency if Congress had explicitly provided for such, and it may be that cases such as this will lead it to consider doing so. In any event, the precedent allowing such an appeal in appropriate circumstances, including that from this court, precludes any retreat now.
The most obvious analog, and the one relied on by many courts of appeals, is the collateral order doctrine, notwithstanding the fact that most of the agency remand orders would not qualify because the remand would rarely be on an issue separate from the merits. See 15B Wright, Miller & Cooper, supra, § 3914.32, at 240 (asserting that “[a]n impressive number of cases” permit appeal under the doctrine). It has been suggested that the tendency is to accept the appeals of government agencies, apparently because “administrative agencies, as more or less coordinate branches of government, deserve the protection of special appeal opportunities.” Id. at 56-57 n. 9 (Supp.1999) (citing, inter alia, Bergerco Canada v. United States Treasury Dep’t, 129 F.3d 189, 191-92 (D.C.Cir.1997); Baca-Prieto v. Guigni, 95 F.3d 1006, 1008-09 (10th Cir.1996); Hanauer v. Reich, 82 F.3d 1304, 1306-07 (4th Cir.1996); Schuck v. Frank, 27 F.3d 194, 196-97 (6th Cir.1994)). But see Cotton Petrol., Corp. v. United States Dep’t of the Interior, 870 F.2d 1515, 1521-22 (10th Cir.1989); AJA Assocs. v. Army Corps of Eng’rs, 817 F.2d 1070, 1072-73 (3d Cir.1987).
Wright, Miller, and Cooper have summarized the reasons courts rely on the collateral orders doctrine. In some circumstances, an agency may be statutorily barred from appealing its own decision. In others, the agency’s decision will render the issue moot, because the agency has complied with the district court’s order. Additionally, agencies ought not face the risk of contempt to prompt an immediate appeal, or the danger that the agency will be unable to recapture later any benefits paid in the interim. See 15B Wright, Miller & Cooper, supra, § 3914.32, at 240-41.
I agree that a practical construction of finality suffices to justify review of an *125 agency remand order in appropriate cases. Such an approach is a considerable improvement over viewing the basis of our jurisdiction as an “exception to finality.”

. A final judgment is "a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do bul execute the judgment.” Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981). *134 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2310, at 87-91 (2d ed.1994). Where the duty to account is itself equitable, however, no right to a jury trial arises. See United States v. Louisiana, 339 U.S. 699, 706, 70 S.Ct. 914, 94 L.Ed. 1216 (1950) ("The Seventh Amendment ... [is] applicable only to actions at law,” not "an equity action for an injunction and accounting.” (citation and footnote omitted)); 9 Wright & Miller, supra, § 2310, at 90. An action for an accounting of a trust is quintessentially equitable. See Restatement (Second) of Trusts § 197 (all remedies of a beneficiary against a trustee are equitable, except for a claim for money immediately and unconditionally due to the beneficiary or a claim to transfer chattel that the trustee is under an immediate and unconditional duty to transfer to the beneficiary). Accordingly, a party to a trust accounting has no right to a jury trial; that is the situation here.