# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 99-4191

———————

| | | |
|---|---|---|
| Linda D. Higgins, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | An Appeal from the United |
| | * | States District Court for the |
| Kenneth S. Apfel, | * | Eastern District of Arkansas |
| Commissioner of Social Security, | * | |
| | * | |
| Appellee. | * | |

———————

Submitted: June 16, 2000
Filed: August 9, 2000

———————

Before BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
O'BRIEN,[1] District Judge.

———————

O'Brien, Senior District Judge.

This case comes before the court in an unusual manner in that Appellant Linda D. Higgins appeals from the judgment of the district court which remanded her case to the Commissioner. The United States District Court for the Eastern District of

———————

[1]The Honorable Donald E. O'Brien, Senior United States District Judge for the Northern District of Iowa, sitting by designation.

Arkansas[2] entered an Order remanding the case to the Commissioner "to make a finding as to whether the Guidelines mandate a determination of disability.  20 C.F.R. 404 Subpart P, App.2, Table 1 (Rule 201.17)."  Addendum to Appellant's brief at 24.

In McCoy v. Schweiker, 683 F.2d 1138, 1141 n. 2 (8th Cir. 1992)(en banc), the court noted that we had held several times that orders remanding a case to the Commissioner were not final judgments appealable under 28 U.S.C. § 1291.  That law, however, changed when the U.S. Supreme Court decided Forney v. Apfel,  524 U.S. 266, 267, 118 S.Ct. 1984, 1986, 141 L.Ed2d 269 (1998).  There, the Court held that the law authorizes such appeals.

Because Appellant appealed a decision of the district court to remand her case to the Commissioner, we must first address the standard of review.  In a case where the district court affirms the denial of benefits, we review *de novo.*  Pettit v. Apfel, — F.3d — , No. 99-3311 slip op. at 2 (8th Cir. July 18, 2000).  In a case where the appellant disagrees with the district court's order of remand, however, the standard of review is abuse of discretion "which means that we will affirm unless no reasonable person could agree with the district court."  Nelson v. Apfel, 210 F.3d 799, 802 (7th Cir. 2000).

At the district court, and before this court, Higgins argued that the ALJ should have found her disabled under the provisions of Rule 201.17 of the Medical Vocational Guidelines.[3]  This Rule provides that a claimant who is unable to do past relevant work,

---

[2]The Honorable Henry L. Jones, United States Magistrate Judge for the Eastern District of Arkansas.

[3]Counsel for the Commissioner admitted that he had not filed a brief in the district court.  He said that they have a terrific work load; that they briefed cases where they have been ordered to file a brief first; and they had not filed a brief in this case because they were working hard on others in which they had been ordered to file briefs.

who is limited to sedentary work, who is between 45 and 49 years of age, who is illiterate or unable to communicate in English, and whose previous work experience was unskilled or none, is entitled to a finding of disability. The ALJ found, and the parties agree that each of the aforementioned elements are proven in this case except that which relates to previous work experience.

The Commissioner argues that the rule very explicitly requires no prior work experience or work that was unskilled. Because Higgins' work, according to the vocational expert who testified at the hearing, was semiskilled, the Commissioner argues the Rule does not apply, even if the skills are not transferable, and the district court should be reversed and the Commissioners decision should be affirmed.

Higgins, on the other hand, argues that even though the vocational expert testified that her work was in the semiskilled range, no transferable skills were identified so her past work should be considered unskilled for purposes of the application of the rule.

The introduction to the Guidelines states:

(h) The term younger individual is used to denote an individual age 18 through 49. For those within this group who are 45-49, age is a less positive factor than for those who are age 18-44. Accordingly, for such individuals; (1) who are restricted to sedentary work, (2) who are unskilled *or have no transferable skills*, (3) who have no relevant past work or who can no longer perform vocationally relevant past work, and (4) who are either illiterate or unable to communicate in the English language, a finding of disabled is warranted.

---

He asked this Court to decide the issues as set out in the appellate briefs. This Court does not condone the fact that no brief was filed in the district court but is persuaded that that will not be further considered in this specific action.

(Emphasis added)  20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200(h).  At the hearing, in response to the ALJ's hypothetical, the vocational expert, after testifying that past relevant work was precluded, pointed to examples of unskilled work that could be done within the limits of the hypotheticals.  The vocational expert was not asked, however, whether or not Higgins skills would transfer to other semiskilled work.

Because the vocational expert was not asked to render an opinion regarding whether or not Higgins gained skills which would transfer to work within her residual functional capacity, we hold that the district court did not abuse its discretion by remanding this case to the Commissioner to determine if Higgins should be awarded benefits.

In McCoy v. Schweiker, 683 F.2d at 1148, we wrote:  "If an individual has a combination of exertional and nonexertional impairments, the Guidelines are first considered to determine whether he is entitled to a finding of disability based on exertional impairments alone."  Under the Regulations, entitlement to benefits hinges on whether Higgins had transferable skills.  If the Commissioner finds that Higgins does not have transferable skills, she should be found disabled.

For all of the foregoing reasons, the judgment of the district court is affirmed and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.