Carmen FELICIANO, Plaintiff,

v.

Kenneth S. APFEL, Commissioner of Social Security, Defendant.

No. CIV. 98–1897 JP.

United States District Court, D. Puerto Rico.

Aug. 30, 2000.

■

Jorge A. Gonzalez Lugo, Cordero, Gonzalez & Romn, Fabio A. Roman Garcia, Arecibo, PR, for Plaintiff.

Lilliam E. Mendoza Toro, Assistant United States Attorney, U.S. Attorney's Office, District of P.R., Hato Rey, PR, for Defendant.

## OPINION AND ORDER

PIERAS, Senior District Judge.

### I. Introduction and Background

This is an action brought under section 205(g) of the Social Security Act as amended, 42 U.S.C § 405(g), to review a final determination of the Secretary of Health and Human Services with regard to the denial of a period of disability and disability benefits for Carmen Feliciano. This Court finds that although the outcome of the Secretary's decision is correct, the means by which the Administrative Law Judge (ALJ) arrived at his decision was flawed. Consequently, the Court **MODIFIES AND AFFIRMS** the Secretary's decision.

Carmen Feliciano is a 52–year–old woman with an eighth grade education and prior work experience as a sewing machine operator. Feliciano claims that she has been unable to work since October 15, 1993 on account of a lumbosacral strain/sprain, peripheral neuropathy, degenerative lumbar changes and bulging discs, arterial hypertension, atopic dermatitis, and an anxiety disorder. The record reflects that Feliciano has received treatment for her conditions since 1993.

She filed for disability on October 3, 1994 and was subsequently denied. Upon her request, Feliciano was granted a hearing before an Administrative Law Judge ("ALJ") on April 7, 1997. On October 22, 1997, the ALJ denied claimant's request for disability benefits. The ALJ found that Feliciano retained the ability to perform her relevant, previous employment and that at no time during the course of this review did claimant suffer from a "disability" (Record at 17). The Appeals Council denied review of the ALJ's decision on October 22, 1997, and thus the decision of the ALJ became the final decision of the Secretary. Feliciano now appeals that decision.

### II. Framework

Every insured person is entitled to disability insurance if he/she has not yet reached retirement age, has filled an application for the benefit, and has a disability. *See* 42 U.S.C. § 423(a). Disability determinations are made via a five-step procedure. *See* 20 C.F.R. § 404.1520. The first three steps in the process are threshold determinations. These steps are taken to determine if a claimant (1) is working in a substantially gainful activity, (2) has an impairment, and (3) if the impairment is found explicitly or is equal to one found in Appendix 1 of the regulations governing disability. Should the claimant be working

or not have an impairment, then the claim is denied. If the answer to step three is negative, however, the claimant's request is still alive pending a determination of whether the claimant is able to perform work in his/her relevant, past occupational field (step four). If the answer to step four is negative, it must be determined whether the claimant can perform a substantially gainful activity in the country's economy (step 5). *See generally Forney v. Apfel,* 524 U.S. 266, 268, 118 S.Ct. 1984, 141 L.Ed.2d 269 (1998); *Goodermote v. Secretary of Health and Human Services,* 690 F.2d 5, 7 (1st Cir.1982); 20 C.F.R. § 404.1520 (1997). In the instant case, Feliciano alleges that the Secretary erred in deciding during the fourth step that Feliciano had the residual capacity to perform her previous work activity and was thus not disabled.

### III. ALJ Findings

1. The claimant met the disability insured status requirements of the Act on October 15, 1993, the date the claimant stated she became unable to work, and continued to meet them through December 30, 1997.

2. There is evidence of a significant amount of earnings posted to the claimant's earnings record after the alleged disability onset date, and information of work activity during 1994. The ALJ accepted the evidence for the processing of the case but did not establish the claimant has not engaged in substantial gainful activity since the alleged onset date.

3. The medical evidence establishes that on or before her date last insured, the claimant had a significant a lumbosacral strain/sprain, peripheral neuropathy, degenerative lumbar changes and bulging discs, arterial hypertension, atopic dermatitis, and an anxiety disorder, but she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4.

4. The intensity and persistence of the subjective complaints, including pain, symptoms, and functional limitations are not supported by the evidence of record to the extent alleged.

5. On or before her date last insured, the claimant had the residual functional capacity to perform work related activities except for work involving: lifting and carrying over fifty pounds at a time, frequently lifting and carrying over twenty-five pounds, or standing, walking, or sitting over six hours in an eight hour workday, or stooping, crouching, climbing, other than occasionally. There are no significant manipulative nor mental limitations (20 CFR 404.1545).

6. The claimant's past relevant work as a sewing machine operator did not require the performance of work related activities precluded by the above limitation(s) as nationally performed (20 CFR 404.1565).

7. On or before her date last insured, the claimant's impairment did not prevent her from performing her past relevant work as nationally performed.

8. The claimant was not under a "disability" as defined in the Social Security Act, on or before her date last insured (20 CFR 404.1520(e)).

### IV. Standard of Review

The Secretary is charged with the responsibility of weighing the evidence and resolving material conflicts in testimony. *See Richardson v. Perales,* 402 U.S. 389, 400, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The reviewing district court may not review the case de novo, *Lizotte v. Secretary of Health and Human Services,* 654 F.2d 127 (1st Cir.1981); rather, it can only reverse the Secretary's decision should the

district court find that decision is not supported by substantial evidence. *See Richardson*, 402 U.S. at 400, 91 S.Ct. 1420 (1971). Even if the Court finds that it would have ruled differently considering the evidence in the record, it may not do so. *See Rodriguez Pagan v. Secretary of HHS*, 819 F.2d 1, 3 (1st Cir.1987). The district court, however, has the power, within the aforementioned bounds, "to enter ... a judgment affirming, modifying, or reversing the decision of the [agency] with or without remanding the cause for a rehearing." *Forney*, 524 U.S. at 269, 118 S.Ct. 1984 (citing 42 U.S.C. § 405(g)).

## V. Analysis

■ In arriving at his decision, the ALJ negotiated his way to step four of the Secretary's algorithm. The ALJ's reasoning throughout the decision followed a tortured path. The ALJ's difficulties began at the threshold level, step one of his analysis. The claimant's earnings record reflected that she had earned almost $1,800.00 in 1994. In her testimony, Feliciano claims that this amount was paid her when she attempted to go back to work, but could only make it through one day. (Transcript at 31) The ALJ proceeded to step two of the analysis.

In step two, the ALJ is to determine if the claimant's impairments are severe. Although he chose to transition to step three, the ALJ never chose to label Feliciano's impairments, taken individually or cumulatively, as severe, rather preferring the appellation "significant." While the absence of the commonly used "severe" label is not demonstrative as to the ALJ's findings, it is curious to note that the psychiatric review technique finds Feliciano's impairment(s) not to be severe and the residual physical functional capacity assessment found only postural limitations. (Record at 126–142). Nevertheless, the ALJ proceeded to step three of the algorithm where he found that the claimant's impairments were not found in nor did they equal those in Appendix 1, Subpart P, Regulation No. 4.

The ALJ encountered difficulties during his step four analysis as well. Feliciano's exertional limitations were established as being able to: lift and carry over fifty pounds occasionally; lift and carry over twenty-five pounds frequently; stand, walk, or sit over six hours in an eight hour workday; stoop, crouch, or climb occasionally. (Record at 16). The ALJ, however, also had Feliciano's assessment regarding the demands of her former employment. In her assessment, Feliciano claims that she had to bend constantly and lift up to thirty pounds every eight minutes. The claimant's postural limitations, as found in her residual functional capacity assessment, prevent Feliciano from bending constantly. Feliciano's RFC also prevents her from lifting over twenty-five pounds frequently. The claimant is the primary source of information when determining the demands of a previous occupation at step four. Social Security Ruling 82–62; *Cf. Manso–Pizarro v. Secretary of Health and Human Services*, 76 F.3d 15, 17 (1st Cir.1996) (citing *Santiago v. Secretary of HHS*, 944 F.2d 1, 5–6 (1st Cir. 1991))("[T]he ALJ is entitled to credit a claimant's own description of her former job duties and functional limitations, .... but has some burden independently to develop the record.") Since there is nothing in the record that disputes claimant's appraisal of the demands in her previous employment, it is apparent that plaintiff could not return to her previous employment.

The ALJ, however, found that Feliciano could return to her previous employment. The means by which the ALJ accomplished this task is the crux of this decision. The ALJ examined the demands and limitations of a sewing machine operator on the national level and found that the occupation ordinarily fell into the classification of "light work." *See* 20 C.F.R. § 404.1567. Since Feliciano had the residual functional capacity to perform "medium work," she also had the capacity to perform light and/or sedentary work. *See id.* The Court finds that the ALJ *de facto*

performed a step five analysis in his finding. The Court has reviewed the record carefully, keeping in mind those considerations found in 20 C.F.R. § 404, Subpart P [1], and finds that the claimant could perform any number of unskilled sedentary, light, or medium occupations [2] found in Puerto Rico. *See Ramos v. Richardson.* 373 F.Supp. 260 (D.Puerto Rico 1973) (Establishing a 100 mile radius that an claimant would have to go in order to find alternate work in Puerto Rico.) Feliciano is capable of performing a substantially gainful activity in that national economy.

## VI. Conclusion

Because the Court finds that the ALJ *de facto* performed a step five analysis and the Court found occupations available in the national economy that Feliciano could perform, the Court hereby MODIFIES the ALJ's decision to reflect a decision at step five of the Secretary's algorithm and AFFIRMS the Secretary's decision.

**IT IS SO ORDERED.**

---

1. The Court considers physical exertion requirements, work experience, age, education, and *skill* requirements while reviewing the record for occupations that Feliciano might perform. Also, the Court notes that Feliciano has no significant non-exertional limitations.

2. The Court finds that examples of work that fit into these categories are telephone answering service operator, telephone operator, or an order clerk.