Patrick NAVIN, Plaintiff–Appellant,

v.

**PARK RIDGE SCHOOL DISTRICT 64, et al., Defendants–Appellees.**

No. 02–2170.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 20, 2002.*

Decided Oct. 8, 2002.

---

* This successive appeal has been submitted under Operating Procedure 6(b) to the panel that heard the first appeal. After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Before BAUER, EASTERBROOK and EVANS, Circuit Judges.

### Order

█ Last year the court remanded this case for further proceedings so that the district court could determine the extent to which Patrick Navin's educational preferences for his child J.P. depart from those of his former wife, who has custody of the child under a divorce decree. See *Navin v. Park Ridge School District*, 270 F.3d 1147 (7th Cir.2001). Although this presented an issue of fact, Navin did not cooperate in the proceedings. Defendants presented an affidavit from Margaret Murnighan, J.P.'s mother, strongly suggesting that she supports all current educational arrangements. If so, this would defeat Navin's principal claim under the Individuals with Disabilities Education Act, as our prior opinion explained. Navin did not comply with the district court's local rules requiring specific identification of contrary evidence. The court then took the defendants' evidence as established, which led to a judgment substantially adverse to Navin. In one respect, however, the judgment was favorable: the judge returned some issues to the state's administrative agency with instructions to address Navin's contention that he has not been granted appropriate access to educational records and other statutory procedural entitlements.

Navin has appealed; the defendants have not. Neither side has addressed the question whether the grant of partial relief—and the possibility that the federal proceedings will resume after a new administrative decision—prevents the order from being appealed. The answer is no, on two grounds. First, this appears to be the sort of remand that, if made to a federal agency, would not prevent finality and immediate appeal. See *Forney v. Apfel*, 524 U.S. 266, 118 S.Ct. 1984, 141 L.Ed.2d 269 (1998); *Sullivan v. Finkelstein*, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990). Second, the relief that Navin is seeking (and did not obtain) appears to be injunctive in character, so that an appeal would lie even if the judgment were deemed interlocutory.

█ This is, however, as far as we go. Just as Navin ignored the district court's procedural rules, so he ignored ours. Despite the requirements of Fed. R.App. P. 28(a)(7) and Circuit Rule 28(c), his brief does not cite the record, making it impossible for us to say that the district court's decision is in error. Moreover, Navin's brief violated Circuit Rule 30, omitting the district court's opinion and judgment. The brief contains a lengthy appendix, full of documents whose provenance is uncertain (we cannot tell whether they are in the record), but lacking the documents that are required for appellate review. Although Navin eventually supplied the district court's opinion as an appendix to his reply brief, that brief too is devoid of record references. It contains quotations from proceedings that post-date the district court's decision and thus necessarily

are outside the record (though we cannot be sure where they *do* come from, because the quoted passages are not cited to any document). Even *pro se* litigants must comply with those rules that are important to the framing of legal and factual issues. See *McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Navin, who was told by the district judge in clear language that record references are essential, has no excuse for omitting them on appeal. His briefs do not supply any basis for upsetting the district court's factual conclusion that J.P.'s custodian is satisfied with his educational plan, so Navin's only potential IDEA claim is the procedural one that, having been returned to the state tribunal, is not before us on this appeal.

AFFIRMED