Susanna GALADJIAN, Plaintiff—
Appellant,

v.

Michael J. ASTRUE,* Commissioner of
Social Security Administration,
Defendant—Appellee.

No. 06–55705.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2007.

Filed Dec. 17, 2007.

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

John Ohanian, Esq., John Ohanian, Esq., Attorney at Law, Palos Verdes Peninsula, CA, for Plaintiff–Appellant.

Michael A. Cabotaje, SSA—Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: T.G. NELSON, PAEZ, and BYBEE, Circuit Judges.

## MEMORANDUM **

Susanna Galadjian ("Galadjian") appeals the district court's 2006 order affirming the Commissioner of Social Security's denial of her application for Supplemental Security Income disability benefits. We affirm in part, reverse in part, and remand.

We decline to review the arguments raised and addressed in the district court's 2000 order. Galadjian failed to timely appeal that remand order and the district court did not abuse its discretion when it applied the law of the case doctrine. *See Forney v. Apfel*, 524 U.S. 266, 269, 118 S.Ct. 1984, 141 L.Ed.2d 269 (1998); *United States v. Smith*, 389 F.3d 944, 948–49 (9th Cir.2004).

When the Appeals Council rejected Dr. Bercel's opinion, it provided specific, legitimate reasons based on substantial evidence in the record. *See Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir.1995). Therefore, it properly rejected Dr. Bercel's non-examining opinion.

However, the Appeals Council did not provide specific, legitimate reasons for adopting the hypothetical based on Dr. Jabat's opinion rather than the hypothetical based on Dr. Schatz's opinion. An examining physician's opinion is generally given more weight than a non-examining physician's opinion, so the Commissioner must give specific, legitimate reasons supported by substantial evidence in the record for disregarding opinions of an examining expert. *Id.* at 1041–42. Further, if an ALJ's hypothetical does not rely on the proper opinions and does not include all of the limitations in the record, the vocational expert's opinion is based on an improper hypothetical and has no evidentiary value. *See Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir.1988).

The general opinions set forth by Dr. Fabella do not support the adoption of Dr. Jabat's non-examining opinion over Dr. Schatz's examining opinion. Therefore, the Commissioner did not set forth specific, legitimate reasons for adopting the hypothetical based on Dr. Jabat's opinion. As a result, the case is remanded to the Commissioner to properly address whether Galadjian's physical limitations prevent her from performing other types of work.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.