NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| COULETTE OSMORE, | No. 11-35212 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-05640-RBL |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted March 6, 2012[**]
Seattle, Washington

Before: PAEZ and FERNANDEZ, Circuit Judges, and GWIN, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

Coulette Osmore appeals the district court's judgment reversing the Commissioner's final decision that Osmore was not disabled within the meaning of Title XVI of the Social Security Act, 42 U.S.C. §1383c(a)(3), and remanding the matter for further administrative proceedings. With her appeal, Osmore seeks an order that, on remand, the Adminstrative Law Judge (ALJ) must complete an entirely new evaluation of Osmore's Supplemental Security Income and Disability Insurance Benefits applications. We affirm.

*Standing*

Osmore has standing to pursue this appeal because "the District Court's order g[ave] [Osmore] some, but not all, of the relief she requested." *Forney v. Apfel*, 524 U.S. 266, 271 (1998).

*Evaluation of the Medical Evidence*

The Commissioner says that, on remand, he will both consider the effects of Osmore's mental impairments and allow Osmore to argue that medication side effects limit her residual functional capacity. Accordingly, Osmore's claim that the ALJ improperly disregarded evidence of Osmore's depression and medication side effects is moot. *See W. Coast Seafood Processors Ass'n v. Natural Res. Def. Council, Inc.*, 643 F.3d 701, 704 (9th Cir. 2011) ("An appeal is moot if there exists no 'present controversy as to which effect relief can be granted.'" (quoting *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir.

2007))). On remand, the ALJ must consider Osmore's mental impairments and medication side effects.

The ALJ did not err by failing to discuss specifically Osmore's MRI and CT scan results. "[I]n interpreting the evidence and developing the record, the ALJ does not need to discuss every piece of evidence." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (citation and internal quotation marks omitted). Here, Osmore's MRI results were consistent with her CT scan results. Both revealed that Osmore has the severe impairment spondylolisthesis. The ALJ properly considered Osmore's medical records—including records that evaluated her MRI and CT scan—in evaluating Osmore's impairments.

The ALJ provided specific and legitimate reasons for rejecting Dr. Tim Truschel's (a treating physician) opinion: other treating and non-treating physicians' opinions, along with Osmore's treatment records, contradicted Dr. Truschel's opinion. A non-examining physician's opinion may constitute substantial evidence to disregard the opinion of an examining physician if it is consistent with other independent evidence in the record and the ALJ does not rely on the non-examining physician's report alone. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995).

The ALJ did not err in evaluating the medical records from Osmore's twelve other physicians. The ALJ noted Osmore's history of back pain, cited several of

Osmore's physicians' medical opinions and treatment records, and appropriately developed and considered the record. *See, e.g.*, *Howard*, 341 F.3d at 1012.

*Evaluation of Other Evidence*

The ALJ did not err in discrediting Osmore's symptom testimony based on inconsistencies with 1) the objective medical evidence and 2) Osmore's daily activities. *See Regennitter v. Comm'r Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998) (Inconsistencies with clinical observations can "satisfy the requirement of a clear and convincing reason for discrediting a claimant's testimony."); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (The ALJ may reject the claimant's testimony when inconsistent with the claimant's daily activities and contrary to the medical evidence.).

The ALJ did not err in failing to consider Osmore's lay-witness evidence. In 2004, Osmore's husband and sister prepared reports for Osmore's prior Social Security benefits applications; the present application concerns disability beginning March 2005. Accordingly, these out-of-date lay-witness reports are not probative evidence of Osmore's 2005 disability status. *See Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) ("[T]he evidence which the Secretary ignored was neither significant nor probative."). On remand, however, Osmore may seek leave to submit additional evidence from lay witnesses.

*Other Claims of Error*

The district court explained that because "the ALJ erred in evaluating the medical evidence in the record concerning [Osmore's] mental impairments and limitations," the ALJ also erred "in assessing [Osmore's] residual functional capacity." In its judgment reversing and remanding, the district court ordered the ALJ to make a new determination of Osmore's residual functional capacity and of Osmore's ability to perform past relevant and current work. Accordingly, Osmore's remaining allegations of error—regarding the ALJ's determination of Osmore's residual functional capacity and ability to perform past relevant and current work—are also moot. *See W. Coast Seafood*, 643 F.3d at 704.

**AFFIRMED.**