[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11061
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-00723-SPC-MRM

TODD M. JACK,

                                        Plaintiff - Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 11, 2017)

Before JORDAN, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Todd Jack, proceeding *pro se*, appeals the district court's order reversing the Administrative Law Judge's denial of his application for disability insurance benefits under 42 U.S.C. § 405(g) and remanding for further administrative proceedings. Mr. Jack argues that the district court erred by remanding the case rather than ordering the immediate payment of benefits. After careful review of the record and the parties' briefs, we affirm.

## I

Because we write for the parties, we assume their familiarity with the underlying record and recite only what is necessary to resolve this appeal.

In December of 2011, Mr. Jack filed an application for Social Security disability benefits. Mr. Jack alleged that he became disabled in January of 2011 due to partial blindness in his right eye, a physical impairment involving his back, and a psychological impairment following his service in the Navy.[1]

After his initial and reconsideration applications were denied, Mr. Jack requested a hearing before an ALJ which took place in June of 2014. The ALJ held a video hearing and found that Mr. Jack had the following medically determinable impairments: "presbyopia and strabismus of his eyes, with corrected visual acuity of 20/70 in the right eye and 20/40 in the left eye." ALJ Decision at 4. The ALJ listed the five steps in the sequential evaluation process, *see* 20 C.F.R.

---

[1] Mr. Jack did not list a history of post-traumatic stress disorder in his administrative applications; instead, he testified about his alleged PTSD for the first time before the ALJ.

2

§ 404.1520(a)(4)(i)-(v), but he stopped at step two because following his review of the record, Mr. Jack "ha[d] adequate vision in the right eye." *See* ALJ Decision at 1–2. In reaching his decision, the ALJ considered Mr. Jack's testimony, the opinions of two treating physicians, the opinions of the state agency's medical consultants, and the medical record as a whole. The ALJ discounted both treating physicians' reports that indicated that Mr. Jack had a visual disability because the reports were inconsistent with the doctors' previous medical findings. The ALJ declined to obtain an additional vision examination because the record supported a finding that Mr. Jack was not disabled; his visual impairment was not so severe as to interfere with basic work activities. *See id.* at 8.

The ALJ also decided not to obtain a psychological evaluation or list a psychological impairment because Mr. Jack had not previously presented evidence of PTSD or mental health treatment. Similarly, the ALJ observed that Mr. Jack's allegations of disabling back pain were not supported by objective medical evidence. The ALJ noted that Mr. Jack was treated sparingly for back pain with over-the-counter anti-inflammatory medications and four weeks of physical therapy, that Mr. Jack had previously reported only mild back pain, and that the record lacked objective evidence such as x-ray or MRI imaging. *See id.* at 4.

The ALJ did not consider whether Mr. Jack could perform any past relevant work based on his residual functioning capacity, age, and education. Although the

ALJ indicated that he had a vocational expert available to testify by phone, he did not require that testimony or consider whether there are jobs in the national economy that a person of Mr. Jack's capacities could perform because he did not reach step four and five of the sequential evaluation process. Accordingly, the ALJ found that Mr. Jack was not disabled and issued an unfavorable decision.

The Appeals Council denied Mr. Jack's request for review of the ALJ's unfavorable decision. Mr. Jack filed suit in the district court, and a magistrate judge recommended that the ALJ's unfavorable decision be affirmed as to its findings regarding Mr. Jack's alleged PTSD and back injury and reversed as to the ALJ's conclusion that Mr. Jack's alleged visual impairment was not "severe." By adopting the magistrate judge's report and recommendation, the district court agreed that Mr. Jack's visual limitations were not so trivial as to allow the ALJ to end the analysis at step two of the sequential evaluation. Mr. Jack appeals the district court's partially favorable decision and asserts that he was entitled to an immediate award of disability benefits.

## II

When a district court remands a Social Security case "to the agency for further proceedings, [that decision] is a 'final judgment' for purposes of [28 U.S.C.] § 1291 and it is, therefore, appealable." *Forney v. Apfel*, 524 U.S. 266, 269 (1998). Under limited circumstances, we "may reverse the judgement of the

district court and remand the case for an entry of an order awarding disability benefits where the [Commissioner] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993).

We have not addressed the appropriate standard of review in a case where, as here, a district court exercises its authority to reverse and remand to the Secretary under 42 U.S.C. § 405(g). The Seventh, Eighth, and Ninth Circuits have determined that a district court's decision to exercise that authority should be reviewed for abuse of discretion. *See Nelson v. Apfel*, 210 F.3d 799, 801 (7th Cir. 2000); *Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); *Harman v. Apfel*, 211 F.3d 1172, 1173 (9th Cir. 2000). The First Circuit, however, conducts *de novo* review because the remedy under § 405(g) largely depends on "the type of error made by the ALJ or Commissioner." *See Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). We need not address the proper standard here because, even if the more favorable *de novo* standard applied, we would nevertheless affirm on the record before us.

Generally, when an ALJ denies benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner's final decision. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). We review the Commissioner's decision to determine if it is supported by substantial evidence,

*see Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004), and we review *de novo* the district court's decision as to whether substantial evidence supports the Commissioner's decision. *See Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford*, 363 F.3d at 1158. This limited review does not permit "deciding the facts anew, making credibility determinations, or re-weighing the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

### III

An ALJ follows a five-step sequential evaluation process, *see* 20 C.F.R. § 404.1520(a)(4)(i)-(v), to determine if an individual is disabled. The ALJ is generally required to determine whether an individual (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals a listing; (4) possesses the residual functioning capacity to perform past relevant work; and (5) can adjust to other work in the national economy. *See id.* An individual claiming disability insurance benefits has the burden of proving that he is disabled and must show eligibility for benefits on or before his date last insured. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Although an individual has the burden at step two of the sequential evaluation, a hearing

before an ALJ is not adversarial and the ALJ has a "basic obligation to develop a full and fair record." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

A treating physician's opinion "must be given substantial or considerable weight unless good cause is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal quotation marks and citation omitted). "Good cause" may be found when an opinion is not bolstered by the evidence, when the evidence supports a contrary finding, or when a physician's opinion is "inconsistent with [his or her] own medical records." *Id.*

Mr. Jack argues that the district court should have awarded the immediate payment of benefits instead of remanding his case for further administrative proceedings. Although Mr. Jack is correct that a district court possesses the authority to award benefits "with or without remand" under § 405(g), an immediate award of benefits occurs in very limited circumstances that are not present here.

Because the ALJ stopped its analysis at step two, the Commissioner has not yet considered the essential evidence. *See Davis*, 985 F.2d at 534. Additionally, on this record, it is not clear that the cumulative effect of the evidence establishes disability without any doubt because there is conflicting evidence about the severity of Mr. Jack's visual impairment. *See id. See also McDaniel v. Bowen*, 800 F.2d 1026, 1032 (11th Cir. 1986) (cautioning against evaluating the merits of a disability claim when an ALJ does not complete the sequential evaluation because

it would be "an affront to the administrative process if courts were to engage in direct fact finding in these Social Security disability cases"). Furthermore, there is not enough evidence to determine whether Mr. Jack has the residual functioning capacity to perform past relevant work or whether jobs exist in the national economy that a person of Mr. Jack's capacities could perform. Accordingly, we decline to perform a complete review and determine the merits of Mr. Jack's disability claim on the incomplete administrative record here.

Like the district court, we conclude that the ALJ ended his analysis of Mr. Jack's visual impairment prematurely. The ALJ relied heavily on the state agency's medical consultants (who are not treating physicians) and Mr. Jack's ability to perform basic daily activities, but he discounted the reports of two treating physicians who agreed that Mr. Jack was visually disabled. Substantial evidence did not support the ALJ's disability finding at step two with respect to Mr. Jack's alleged visual disability.[2]

## IV

We affirm the district court's order reversing the ALJ's decision in part and remanding for further administrative proceedings because substantial evidence did

---

[2] We also agree, however, that substantial evidence supported the ALJ's decision to reject Mr. Jack's allegations of PTSD and disabling back pain because those allegations were not supported by the objective medical record.

not support the ALJ's decision to determine, at step two of the sequential evaluation process, that Mr. Jack was not visually disabled.

**AFFIRMED.**