## NOT FOR PUBLICATION

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

ROY PAYAN; PORTIA MASON;
NATIONAL FEDERATION OF THE
BLIND, INC.; NATIONAL FEDERATION
OF THE BLIND OF CALIFORNIA, INC.,

      Plaintiffs - Appellants,

  v.

LOS ANGELES COMMUNITY
COLLEGE DISTRICT,

      Defendant - Appellee.

No. 24-1809

D.C. No.
2:17-cv-01697-SVW-SK

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted November 18, 2025
Pasadena, California

Before: BYBEE, LEE, and DE ALBA, Circuit Judges.

Roy Payan, Portia Mason, National Federation of the Blind, Inc., and

National Federation of the Blind of California, Inc., appeal the district court's final

judgment and permanent injunctive order after retrial on remand from this Court in

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Appellants' disability discrimination action under Title II of the Americans with Disabilities Act ("ADA") against Los Angeles Community College District ("LACCD"). Appellants challenge the scope of the injunctive relief ordered by the district court. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

1. First, we address the threshold issue presented by LACCD: whether Appellants forfeited the right to challenge the scope of the district court's injunction by accepting the benefits of it, in its existing form. "Ordinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal" said judgment or order. *Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 333 (1980). Although Appellants prevailed in attaining a permanent injunctive order, they are still an "aggrieved" party because the order denied, in part, the remedy they requested. *Cf. Forney v. Apfel*, 524 U.S. 266, 266–67 (1998) (holding that the Ninth Circuit erred in concluding that a party could not appeal the granted relief because she was the prevailing party). Because Appellants argue that the injunctive relief granted fails to adequately address their requests and the jury's findings of liability, Appellants retain the right to challenge the scope of the injunction. Thus, we can hear this challenge.

---

[1] We explain separately, in a contemporaneously filed published opinion, the district court's error in granting remittitur.

2.    In appealing the district court's injunctive order, Appellants challenge the scope of the injunction.  Specifically, Appellants argue the injunction only remedies three areas where the jury found LACCD liable—the library, websites, and accommodation forms—leaving most of the ADA violations found at trial unaddressed.  We review both the district court's decision to grant permanent injunctive relief and the scope of the injunctive relief for abuse of discretion. *Arizona Dream Act Coalition v. Brewer*, 855 F.3d 957, 965 (9th Cir. 2016); *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1030 (9th Cir. 2013). Factual findings underlying the injunctive relief are reviewed for clear error. *Columbia Pictures Indus., Inc.*, 710 F.3d at 1030.

Following the trial on remand, the district court required the parties to participate in post-trial hearings on the issue of injunctive relief, where the court considered additional evidence and testimony.  During these hearings, LACCD provided evidence it had made significant changes since 2015–2018—the time period at issue in the case—to its websites, existing software programs, and its process for procuring new software programs.  Specifically, LACCD created a new website platform with detailed requirements for accessibility; upgraded the accessibility of its software programming; and introduced and implemented an Equally Effective Alternative Access Plans ("EEAAP") for the procurement of new electronic educational resources.  LACCD also discontinued the use of the

inaccessible MyMathLab and Etudes classroom management programs.

Accounting for these significant changes, the district court determined that the issues of liability warranting injunctive relief were those pertaining to the inaccessible library resources, school websites, and accommodation forms. The district court's injunctive order also required that LACCD conduct periodic independent assessments to review the accessibility of software programs. The court did not order injunctive relief for items of liability it characterized as "single incidents" of ADA violations, such as LACCD's failure to provide notetakers for Payan, the failure to allow Payan to record one class, and LACCD's failure to provide adequate testing accommodations to Payan and Mason. Additionally, the court declined to require the plaintiffs' requested measure of wholesale training, expert monitoring, and periodic reporting.

"The district court has broad latitude in fashioning equitable relief when necessary to remedy an established wrong," *Alaska Ctr. for Env't v. Browner*, 20 F.3d 981, 986 (9th Cir. 1994), and we accordingly find that the district court did not abuse its discretion in weighing the relevant evidence and determining that injunctive relief was only warranted for issues with the Los Angeles Community College ("LACC") library, LACC and LACCD websites, accommodation forms, software programs, and oversight of the EEAAP.

Moreover, the district court did not clearly err in its factual determination

that several of the issues of liability constituted singular violations of the ADA, rather than a systemic problem warranting system-wide relief. *See Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1072 (9th Cir. 2010) (holding that the district court abused its discretion by granting system-wide relief where the evidence consisted largely of single incidents that could be isolated from each other). The individual instances of ADA violations presented in this case are not comparable to the evidentiary support we have previously found justified system-wide injunctive relief. *See Armstrong v. Davis*, 275 F.3d 849, 871 (9th Cir. 2001) (upholding system-wide injunctive relief where "the district court's extensive findings of fact set[] forth in meticulous detail the injuries suffered by seventeen different prisoners and parolees at a variety of Board facilities and hearings"), *overruled on other grounds by Johnson v. California*, 543 U.S. 499 (2005). As such, the district court did not abuse its discretion in formulating the scope of injunctive relief.

**ORDER AFFIRMED.**