**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 2, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HEATHER D. PRYCE-DAWES,

Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

Defendant-Appellee.

No. 05-5071
(D.C. No. 03-CV-883-J)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Heather D. Pryce-Dawes appeals from an order affirming the Commissioner's decision that she is not entitled to supplemental security income (SSI) benefits. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We reverse and remand for further proceedings.

I.

Ms. Pryce-Dawes applied for SSI benefits on the grounds that she suffers from depression and anxiety, among other conditions. After a hearing, the assigned administrative law judge (ALJ) found that Ms. Pryce-Dawes suffered from affective and personality disorders that were severe impairments, but not severe enough to meet or equal applicable listing criteria. *See* 20 C.F.R., part 404, subpart P, app. 1, §§ 12.04, 12.08. The ALJ further found that she retained the residual functional capacity (RFC) "to perform tasks which are simple and repetitive, and where she has only incidental contact with the public." Aplt. App. 2 at 24. The ALJ determined that Ms. Pryce-Dawes had no past relevant work, but that her RFC allowed her to perform jobs available in significant numbers in the regional and national economies. The ALJ therefore denied benefits at step five of the five-step sequential evaluation process. *See* 20 C.F.R. § 416.920(a); *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (explaining the five-step process). The Appeals Council and the district court affirmed the ALJ's decision. Ms. Pryce-Dawes appeals.

II.

We first address our jurisdiction over this appeal. The court's initial review of the case indicated that Ms. Pryce-Dawes filed her notice of appeal on May 10, 2005, the sixty-first day after the entry of the district court's judgment. We ordered supplemental briefing on the timeliness of the notice of appeal. After considering the parties' jurisdictional briefs, we note that on May 6, Ms. Pryce-Dawes electronically filed a formal notice of appeal under an incorrect docket event category. The May 10 notice of appeal simply corrected that error. Because Ms. Pryce-Dawes filed a notice of appeal within sixty days of the entry of judgment against her, her notice of appeal was timely and we have jurisdiction over this appeal. *See* Fed. R. App. P. 4(a)(1)(B).

III.

"We review the [Commissioner's] decision to determine whether it is supported by substantial evidence and whether the [Commissioner] applied the correct legal standards." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (quotation omitted). "We must examine the record closely to determine whether substantial evidence supports the [Commissioner's] determination. Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (further citation omitted). "In addition to a lack of substantial

evidence, the [Commissioner's] failure to apply the correct legal standards, or to show us that she has done so, are also grounds for reversal." *Id.*

Ms. Pryce-Dawes raises four issues on appeal. We agree with her that the ALJ committed reversible error in discounting her credibility and in not considering probative testimony of the vocational expert (VE) at step five of the five-step analysis. We disagree that the decision should be reversed because of errors in weighing the opinion of her treating physician and in finding that she had not met the applicable listing criteria at step three of the five-step analysis, but we discuss these issues in case they recur on remand.

A.

Ms. Pryce-Dawes argues that the ALJ erred in discounting her credibility. She complains that the ALJ failed to give sufficient explanations for his reasoning and that he did not discuss probative evidence.

"The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4 (1996). "[F]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v.*

*Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation and alteration omitted). "*Kepler* does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Here, the ALJ found Ms. Pryce-Dawes "not fully credible." Aplt. App. 2 at 24. He stated he "has compared the claimant's subjective allegations with the medical evidence of record and finds that the allegations appear to be exaggerated." *Id.* at 23. "As an example of this, the undersigned finds that the parts of the claimant's testimony are inconsistent with the claimant's record as noted in Exhibit 4E." *Id.* at 24. This explanation does not satisfy *Kepler*.

The ALJ did not specify what allegations he believed to be exaggerated. Exhibit 4E is Ms. Pryce-Dawes' report of daily activities, and our review indicates that the activities in Exhibit 4E appear generally consistent with her hearing testimony. Whatever conflict the ALJ found is not obvious. Thus, we cannot conclude that the ALJ's credibility findings are closely and affirmatively linked to substantial evidence. Further, we note that minimal activities, such as Ms. Pryce-Dawes' activities appear to be, have been found insufficient to establish that a claimant can work on a consistent basis. *See Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993) (noting that "[t]he sporadic

performance of [household tasks or work] does not establish that a person is capable of engaging in substantial gainful activity") (further quotation omitted).

Because the ALJ's credibility determination is not closely and affirmatively linked to substantial evidence, this matter must be remanded to the Commissioner for further proceedings.

B.

Ms. Pryce-Dawes also contends that the ALJ erred at step five when he failed to consider relevant VE testimony. When he reached the RFC determination of steps four and five, the ALJ did not further explicitly discuss the "moderate" limitations he had assessed at step three. He found that Ms. Pryce-Dawes could "perform tasks which are simple and repetitive, and where she has only incidental contact with the public." Aplt. App. 2 at 24. He then relied upon the VE's testimony to determine that Ms. Pryce-Dawes could perform work that existed in sufficient numbers in the economy.

The hearing transcript reveals, however, that the VE also testified that the type of limitations found by Drs. Miller and Smallwood (moderate limitations in social functioning and moderate limitation in concentration, persistence, or pace) "certainly could" impact a person's ability to keep a job. *Id.* at 60. "In other words, she might be able to get a job, but while moderate doesn't preclude employment it – in those two areas, particularly persistence and pace in unskilled

jobs, over a period of time I would think it would affect." *Id.* The ALJ did not discuss this contrary testimony in his decision.

We recognize that "an ALJ is not required to discuss every piece of evidence." *Clifton*, 79 F.3d at 1009-10. But "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id.* at 1010. Perhaps the ALJ's assessment that Ms. Pryce-Dawes could only perform simple and repetitive tasks with incidental public contact reflected his more detailed step four and step five expression of the "moderate" limitations he found at step three. *See* Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *4 (1996) ("The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings . . . ."). If so, perhaps the VE's testimony about the effect of moderate limitations would not undermine the ALJ's ultimate findings. But the ALJ did not explain that, so we are left with a decision that appears to ignore probative VE testimony. The omission is particularly troubling where it appears that the ALJ relied on Dr. Miller's and Dr. Smallwood's diagnoses in his step three determination and his assessment of Ms. Pryce-Dawes' RFC, and where the VE's testimony concerning those same diagnoses casts

significant doubt on Ms. Pryce-Dawes' ability to hold on to a job. "A finding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can hold whatever job he finds for a significant period of time." *Winfrey*, 92 F.3d at 1025-26 (quoting *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994)) (quotation and further citation omitted).

For these reasons, the ALJ's failure to discuss probative evidence requires a remand to the Commissioner for further proceedings.

C.

Ms. Pryce-Dawes also argues that the ALJ erred in disregarding the opinion of her treating psychiatrist, Dr. Mallgren. Dr. Mallgren, who Ms. Pryce-Dawes testified saw her three or four times in the three months before the hearing, completed a Mental Medical Source Statement opining that Ms. Pryce-Dawes had severe limitations in most categories. The ALJ not only declined to give Dr. Mallgren's opinion controlling weight, but apparently he rejected it entirely.

Like the district court, we note that there is little record evidence that Dr. Mallgren was a treating psychiatrist; other than the Mental Medical Source Statement, the medical evidence contains no treatment notes or other documentation from (or even referring to) Dr. Mallgren. But Ms. Pryce-Dawes

-8-

testified that she had seen Dr. Mallgren three or four times over three months, and the ALJ characterized Dr. Mallgren as "[t]he claimant's treating psychiatrist of 3 months." Aplt. App. 2 at 23. Thus, we accept for purposes of this appeal that Dr. Mallgren was a treating psychiatrist.

An ALJ generally should give greater weight to opinions of treating medical sources. *See* 20 C.F.R. § 416.927(d)(2). The ALJ is required to give controlling weight to the opinion of a treating physician if the opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques" and "consistent with other substantial evidence in the record." *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004) (quotations omitted). If an opinion fails on one of these conditions, it is not entitled to controlling weight, but it is "still entitled to deference." *Id.* (quotation omitted). Non-controlling opinions are weighed using the factors listed in the regulations, including the length, frequency, nature and extent of the treatment relationship and the degree to which the opinion is supported by the relevant evidence and is consistent with the record as a whole. *See id.*; 20 C.F.R. §§ 416.927(d)(2)-(d)(6).

Here, the ALJ was not required to give Dr. Mallgren's opinion controlling weight, as it was unsupported and inconsistent with other substantial evidence. Further, the ALJ otherwise weighed Dr. Mallgren's opinion as required by the regulations; for example, he noted the relatively short length of the relationship

and number of visits, the fact that Dr. Mallgren's opinion was not supported by any rationale, and inconsistencies between Dr. Mallgren's opinion and other substantial evidence in the record. We find no error in the ALJ's weighing of Dr. Mallgren's opinion.[1]

### D.

Finally, Ms. Pryce-Dawes argues that the ALJ failed to make a proper step three evaluation. Relying on *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996), she complains that the ALJ's step-three determination was impermissibly conclusory. She also contends that the ALJ did not identify the signs and symptoms that fulfilled the paragraph A criteria for the applicable listings, and that the ALJ's finding that she did not meet the paragraph B criteria was not consistent with the evidence. In this case, to be found to have a listed impairment, Ms. Pryce-Dawes must meet the criteria of both Paragraph A and Paragraph B for either listing § 12.04 or listing § 12.08. *See* 20 C.F.R. Pt. 404, Subpt. P., App. 1, §§ 12.00(A), 12.04, 12.08.

In *Clifton*, we reversed an ALJ's summary step-three conclusion that the claimant's impairments did not meet or equal any listed impairments. We stated that "the ALJ was required to discuss the evidence and explain why he found that

---

[1]     Our discussion of this issue should not be read as requiring the ALJ, on remand, to give Dr. Mallgren's opinion any particular weight or, conversely, to discount it entirely. Weighing the evidence remains the ALJ's province.

-10-

appellant was not disabled at step three." *Id.* But recently we explained that "*Clifton* does not remotely suggest that findings at other steps of an ALJ's analysis may *never* obviate the lack of detailed findings at step three. *Clifton* sought only to ensure sufficient development of the administrative record and explanation of findings to permit meaningful review." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 734 (10th Cir. 2005). Here, the ALJ went beyond the bare statement involved in *Clifton* in his step-three analysis. In any event, under *Fischer-Ross*, the ALJ's failure to discuss Ms. Pryce-Dawes' activities of daily living and other evidence at step three does not warrant reversal because his decision is sufficiently detailed to permit review.

We find no prejudice to Ms. Pryce-Dawes from the ALJ's summary paragraph A findings, given that they were in her favor. We note, however, that substantial evidence does not support the ALJ's finding, in his paragraph B analysis, of "no indication that the claimant has experienced any decompensation of an extended duration." Aplt. App. 2 at 20. This finding is contrary to the reports of Dr. Miller and Dr. Smallwood, who both noted one or two episodes of decompensation. *Id.* at 179, 197. Despite his reliance on the doctors' reports for his other paragraph B findings, the ALJ did not acknowledge these opinions or explain why he found "no indication" of any episodes of decompensation. Given that listing §§ 12.04 and 12.08 both require a claimant to show two of the four

categories, and the ALJ's findings on categories one through three are supported by substantial evidence, the error does not require reversal. On remand, however, the ALJ should ensure that all his findings are supported by substantial evidence.

IV.

The judgment of the district court is REVERSED with instructions to remand to the Commissioner for further proceedings consistent with this order and judgment.

Entered for the Court


John C. Porfilio
Circuit Judge
