**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 16, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

HEATHER D. PRYCE-DAWES,

Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

Defendant-Appellee.

No. 13-5148
(D.C. No. 4:13-CV-00008-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **PORFILIO**, and **MATHESON**, Circuit Judges.

---

Heather D. Pryce-Dawes appeals from the district court's order, issued by a

magistrate judge under 28 U.S.C. § 636(c), affirming the Commissioner's denial of

supplemental security income (SSI) benefits. Exercising jurisdiction under 28 U.S.C.

§ 1291 and 42 U.S.C. § 405(g), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

This case has a lengthy procedural history. In 2001, Ms. Pryce-Dawes applied for SSI benefits based primarily on her mental-health issues. The Commissioner denied benefits, and the district court affirmed the denial. We, however, reversed and remanded with instructions to the court to remand to the Commissioner for a proper credibility determination and to consider probative vocational expert (VE) testimony. *See Pryce-Dawes v. Barnhart*, 166 F. App'x 348, 349, 353 (10th Cir. 2006).

Upon remand, the ALJ held another hearing and denied benefits under the five-step sequential evaluation process. *See* 20 C.F.R. § 416.920(a)(4) (setting out five-step sequential evaluation process). With respect to the first three steps, the ALJ found that (1) Ms. Pryce-Dawes was not engaged in substantial gainful employment; (2) she suffered from the severe impairments of anxiety and depression, spelling and math disorder, and borderline personality disorder; and (3) her impairments, singly or in combination, did not meet or medically equal a listed impairment. After deciding at step four that she had no prior work, the ALJ found at step five that she had the residual functional capacity (RFC) to perform medium work limited to simple, repetitive tasks and incidental contact with the public. The Appeals Council denied administrative review, making the ALJ's decision the final decision of the Commissioner.

Ms. Pryce-Dawes sought judicial review, challenging the ALJ's credibility findings and consideration of the VE's testimony. The district court affirmed the ALJ's credibility determination, but remanded "solely for the purpose of allowing the ALJ to explain his consideration of Exhibit 8F[, a Psychiatric Review Technique Form (PRT) completed by a non-examining state agency psychological medical expert,] and the VE's testimony regarding Exhibit 8F." Aplt. App., Vol. 3 at 519-20. The court stated that further development of the record was unnecessary and that the ALJ's decision was otherwise affirmed. Also, the court entered judgment.

Upon remand, the ALJ issued a third decision denying benefits, thoroughly discussing Exhibit 8F and the related VE testimony and again concluding that Ms. Pryce-Dawes had the RFC to perform medium work limited to performing simple, repetitive tasks and only incidental contact with the public. The decision became the Commissioner's final decision after the Appeals Council declined review.

Ms. Pryce-Dawes sought judicial review, challenging the ALJ's findings regarding Exhibit 8F and her credibility. The district court affirmed, concluding that the ALJ complied with the remand direction regarding Exhibit 8F and that it had no reason to deviate from its prior decision affirming the ALJ's credibility determination. This appeal followed.

**STANDARD OF REVIEW**

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal

- 3 -

standards were applied." *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014) (internal quotation marks omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted) (internal quotation marks omitted). "We consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but we will not reweigh the evidence or substitute our judgment for the Commissioner's." *Id.* (internal quotation marks omitted).

## ANALYSIS

### I. Evaluation of Ability to Work

Ms. Pryce-Dawes argues that the ALJ failed to comply with the district court's remand order because the ALJ did not consider all of her impairments or articulate a reasonable basis for denying her SSI benefits. She contends that the hypothetical relied on by the ALJ did not mention her limitations concerning concentration, persistence, or pace, even though the ALJ found, based on the Exhibit 8F PRT, that she had moderate difficulties with concentration, persistence, or pace. We reject these arguments and conclude that the ALJ complied with the district court's remand order.

A PRT consists of four categories of limitations used to assess the severity of mental impairments at steps two and three. In Exhibit 8F, the state medical expert

- 4 -

indicated, among other things, that Ms. Pryce-Dawes had moderate difficulties with concentration, persistence, or pace. He also stated that an RFC assessment was needed. Exhibit 9F is the Mental Residual Functional Capacity Assessment (MRFCA) he prepared on the same day he prepared the PRT. The MRFCA is a more detailed assessment of the PRT categories and is used to assess RFC at steps four and five. *See* SSR 96-8p, 1996 WL 374184, at \*4 (July 2, 1996); *see also Wells v. Colvin*, 727 F.3d 1061, 1069 (10th Cir. 2013) (recognizing that PRT merely provides summary of functions that are itemized in more detailed mental RFC assessment); Aplt. App., Vol. 3 at 512 (ALJ's decision recognizing that PRT and MRFCA "are meant to be considered together because they explain and clarify each other"). In the MRFCA, the state medical expert indicated that Ms. Pryce-Dawes had marked limitations in her ability to understand, remember, and carry out detailed instructions and in her ability to interact appropriately with the general public. He also indicated that she had no other significant limitations in her functioning.

When presented with a hypothetical containing the limitations broadly described in the PRT, the VE testified that Ms. Pryce-Dawes would be unable to work. But when he was presented with a hypothetical containing the more detailed limitations described in the MRFCA, the VE testified that she would be able to work.

Because the PRT and MRFCA are to be considered together and the MRFCA sets out the RFC limitations, the ALJ explained that the VE's response to the hypothetical containing the MRFCA limitations was entitled to greater weight than

- 5 -

the VE's response to the hypothetical containing only the PRT's limitations.  The ALJ correctly explained that the VE could not rely solely on the PRT and ignore the expert's explanation in the MRFCA of what the PRT statements meant.

We conclude that the ALJ properly explained why he gave greater weight to the VE's response incorporating the more detailed limitations set forth in the MRFCA.  Contrary to Ms. Pryce-Dawes' argument, the ALJ properly considered all of her impairments in light of the detailed assessment in the MRFCA.  Her appellate contentions effectively amount to an argument that we should reweigh the evidence, which we will not do.  *See Lax*, 489 F.3d at 1084.

## II.  Credibility

Ms. Pryce-Dawes argues that the ALJ failed to perform a proper credibility determination.  The Commissioner counters that we should apply the doctrine of collateral estoppel because the credibility issue was finally decided in the second district-court decision, but Ms. Pryce-Dawes did not appeal that decision.  We agree.

After issuing the second decision affirming the ALJ's credibility findings and remanding solely for consideration of Exhibit 8F, the court entered judgment under sentence four of § 405(g).  *See* 42 U.S.C. § 405(g) ("The court shall have power to enter . . . a *judgment* affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  (emphasis added)).  The sentence-four partial affirmance and partial remand terminated the litigation.  *See McGraw v. Barnhart*, 450 F.3d 493, 496 n.1

(10th Cir. 2006). Ms. Pryce-Dawes therefore could have appealed from the court's affirmance of the ALJ's credibility findings, despite the remand for further proceedings. *See Forney v. Apfel*, 524 U.S. 266, 269-70 (1998) (holding that remand under sentence four is final judgment that may be appealed); *see also* Aplt. App., Vol. 3 at 514 (directing in district court's sentence-four remand order that appeal be to Tenth Circuit).

Under the doctrine of collateral estoppel, the credibility issue cannot be re-litigated in this third lawsuit. *See United States v. Rogers*, 960 F.2d 1501, 1508 (10th Cir. 1992) (stating that collateral estoppel applies when (1) identical issue was presented in prior action; (2) prior action was decided on merits; (3) party opposing imposition of collateral estoppel was party in prior action; and (4) that party had full and fair opportunity to litigate issue in prior action). Because Ms. Pryce-Dawes had an opportunity to appeal from the second district court order, but she did not do so, we conclude that she is foreclosed from challenging the credibility determination.

Ms. Pryce-Dawes, however, counters that collateral estoppel should not apply because the third ALJ's decision was not identical to his second decision in all respects but the remand directive. She points out that the third decision did not consider her obesity, added new paragraphs, and changed other paragraphs. While this is true, the ALJ did not change his ultimate credibility determination. Nor was

- 7 -

he directed to re-consider credibility.  Thus, as stated above, we conclude that collateral estoppel precludes review of the credibility issue.[1]

## CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[1] Even if we were to consider the credibility issue, we would conclude that there is substantial evidence in the administrative record to support the ALJ's determination that Ms. Pryce-Dawes' statements about her impairments were not entirely credible.  Furthermore, we would conclude that the ALJ closely and affirmatively linked his findings to the evidence in the record.