**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2173
_____

JOSEPH ARUANNO,
                              Appellant

v.

OFFICER  CALDWELL;
MERRILL MAIN;
GEORGE HAYMAN, D.O.C.;
JENNIFER VELEZ, D.H.S.;
JOHN-JOHN DOES 1-20, et al

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 09-cv-05652)
District Judge:  Honorable William J. Martini

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 4, 2016

Before: JORDAN, BARRY and VAN ANTWERPEN, Circuit Judges

(Opinion filed January 12, 2016)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Joseph Aruanno appeals from a default judgment entered in his favor by the United States District Court for the District of New Jersey in his civil rights action. Aruanno also appeals an earlier order denying his motion for counsel and/or a legal guardian, and an order that dismissed certain issues and defendants. We will affirm the District Court's orders and judgment.

Aruanno, who is civilly confined at the Special Treatment Unit in New Jersey, filed a complaint alleging that defendant Dr. Merrill Main, "Head of Psychology," on some unmentioned date placed him "on penalty status before investigation [was] complete, without my typewriter," and placed him for an unspecified time in solitary confinement. He also alleged that Dr. Main "despite having been warned about [unspecificed] abuse and threats . . . allows them to continue." While the complaint listed George Hayman and Jennifer Velez as defendants, the body of the complaint did not include any allegations against them. The complaint also contained allegations against defendant Officer Caldwell, stating that "on 9-17-09 Officer Caldwell entered my cell for the purpose of attacking me which resulted in serious injury," and that Caldwell attacked him "for 'snitching' as he called my litigation." The District Court dismissed the complaint without prejudice for failure to state a claim.

Aruanno then filed a document that the Court generously construed as an amended complaint. The document gave further details about Caldwell, stating that Caldwell said "I am going to kill you, snitch," that he punched and kicked Aruanno in the head, and ran after him to the dayroom "where . . . [Aruanno] lay on the floor being continuously

2

punched." The document did not contain any details regarding the other defendants. The Court dismissed Aruanno's claims against defendants Main, Hayman, and Velez, but allowed claims against Officer Caldwell to go forward. Dkt. #6.

After several unsuccessful attempts, the United States Marshals were finally able to serve the amended complaint on Caldwell, who no longer worked for the Department of Corrections. Caldwell did not respond to the complaint, and on February 20, 2015, at Aruanno's request, the Clerk entered default against Officer Caldwell. Aruanno then requested a default judgment, and a proof hearing was scheduled for April 23, 2015. The Court issued a default judgment in favor of Aruanno and against Caldwell in the sum of $5,000 for use of excessive force in violation of 42 U.S.C. § 1983. Aruanno timely appealed.[1]

Aruanno first argues that the District Court erred by failing to appoint counsel or obtain a legal guardian for him. We review a district court's decision denying appointment of counsel for abuse of discretion. See Montgomery v. Pinchak, 294 F.3d

---

[1] Although "a party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it," see United States v. Windsor, 133 S. Ct. 2675, 2687 (2013), Aruanno sought in his complaint, among other things, $10 million in punitive damages. Thus, although he prevailed on the default judgment issue in the District Court, the appeal is proper as he did not receive all he sought. See Forney v. Apfel, 524 U.S. 266, 271 (1998) (party can appeal decision granting in part and denying in part remedy requested); see also Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 532 (1999) (resolving appeal by plaintiff who was awarded back pay but who was not allowed to request punitive damages).

492, 498 (3d Cir. 2002). We find no abuse of discretion here, as we agree with the District Court that even assuming that Aruanno's claims had some merit: (1) Aruanno's filings demonstrated his ability to present his case; the legal issues were not difficult; and (3) no expert testimony was called for at the time that Aruanno moved for appointment of counsel. See Dist. Ct. Order, Dkt. #29; Montgomery, 294 F.3d at 499-505.[2]

Aruanno next challenges the default judgment. We review a district court decision to enter default judgment for abuse of discretion. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). Aruanno challenges the District Court's judgment in two respects. First, he argues that because Caldwell was a state actor at the time of the assault, Aruanno should not have to file liens against Caldwell in order to collect the judgment; he believes that the state should pay. This claim is without merit as "a suit against a government official in his or her personal capacity cannot lead to imposition of fee liability upon the governmental entity . . . . Indeed, unless a distinct cause of action is asserted against the entity itself, the entity is not even a party to a personal-capacity lawsuit." Kentucky v. Graham, 473 U.S. 159, 167-68 (1985). Aruanno did not name the detention center or state as defendants, nor did he include sufficient allegations to support an official capacity claim. See id. at 166 (governmental entity liable under § 1983 only when entity itself is moving force behind deprivation of rights).

---

[2] Aruanno argues in his brief that he was entitled to a legal guardian under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213. But he cites no authority for that contention, and we are aware of none. See Montgomery, 294 F.3d at 498 ("Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel.").

4

Second, Aruanno claims that "a settlement of $5,000.00 is not sincere and does not represent justice." It is not clear what injuries he received from the incident involving Caldwell. While Aruanno may have testified about his injuries and/or other consequences of the incident at the proof hearing, there is no transcript of the hearing.[3] Without a transcript, and because there is no other documentation in the record, Aruanno cannot succeed on a claim that the amount of the default judgment is too low.

Aruanno's remaining claims essentially challenge the District Court's dismissal of the claims against defendants other than Caldwell. We exercise plenary review over a court's sua sponte dismissal for failure to state a claim. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Aruanno argues in his brief that the District Court erred by failing to address his failure-to-protect claim, a claim that he was denied his legal materials, and a claim that he was refused medical attention during the Caldwell incident, but those claims either were not mentioned in his complaint, or were insufficiently pled in his complaint. The complaint contained only conclusory statements, such as one that all the defendants "had been made aware of this problem [violence?] over eight years ago and refuse to act," that his mail and typewriter were withheld "to obstruct legal access here," and that he was "den[ied] any medical attention even a shower." No further detail

---

[3] The District Court apparently sent Aruanno a transcript purchase order form. Aruanno responded by letter, docketed at #49. He argued that he did not need to order a transcript, because the court should have granted his counsel motion, and then counsel could have obtained the transcript. He also argued that "MOST of what is on appeal is outside that record including a previous opinion which dismissed the majority of the case," and that thus "no transcript is necessary."

was given, and although Aruanno was given a chance to make more specific allegations in his amended complaint, he did not do so.  Thus, the District Court properly dismissed these claims.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (to survive dismissal complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face).

For the foregoing reasons, we will affirm the District Court's judgment.