**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4259
_____

JOSEPH ARUANNO,
                              Appellant

v.

STEVEN JOHNSON; GARY LANIGAN

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 2-14-cv-01954)
District Judge:  Honorable William J. Martini

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 21, 2017

Before:  AMBRO, KRAUSE and NYGAARD, Circuit Judges

(Opinion filed:  March 22, 2017)

_____

OPINION[*]
_____

PER CURIUM

　　Joseph Aruanno appeals from the District Court's decision that dismissed his case

under 28 U.S.C. § 1915(e)(2)(B).  We will vacate the District Court's judgment and

remand for further proceedings.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Aruanno, who is a civilly committed detainee under New Jersey's Sexually Violent Predator Act, N.J. Stat. Ann. § 30:4-27.24 et seq., and who is housed at the Special Treatment Unit ("STU"), filed a complaint against Steven Johnson, Superintendent of the STU, and Gary Lanigan, Commissioner of the New Jersey Department of Corrections. In his complaint, Aruanno alleged that the Defendants failed to protect him from an assault by another resident, J.Z., who had recently been sentenced to prison. Aruanno sought damages and injunctive relief.

Because Aruanno sought to proceed in forma pauperis ("IFP"), the District Court screened the complaint under 28 U.S.C. § 1915(e). The Court granted the application to proceed IFP, but determined that Aruanno had failed to state a civil rights claim upon which relief could be granted. The Court dismissed the complaint without prejudice to the filing of an amended complaint "that is complete on its face, and asserts facts showing how each named defendant was personally involved in failing to protect Aruanno from a known danger posed by J.Z., contrary to [42 U.S.C. ] § 1983." See D. Ct. Op., Dkt. #2 at 7.

Aruanno timely filed a document titled "Amended Complaint" and the District Court reopened the matter in order to screen the complaint under § 1915(e). In the amended complaint, Aruanno alleged that he had "both in writing and personally" informed Lanigan that J.Z. had threatened him, and that "Lanigan had verbally stated that he 'would look into it' but nothing came of it." He also alleged that "Johnson had made

statements such as 'what do you want me to do, I am doing nothing,'" and that Johnson

had informed him that the Deputy New Jersey Attorney General "had instructed him to

'do nothing' for me." Concerning the physical confrontation between Aruanno and J.Z.,

the amended complaint stated: (1) that J.Z. had come into Aruanno's room at one point,

had threatened to kill him, and that "a push and shove match occurred"; and (2) that J.Z.

made "threats" and assaulted him, "which left [Aruanno] with a bloody nose on one

occasion and hurt his back on another; etc." The amended complaint also alleged that

J.Z. had smoked cigarettes while using the telephone outside of Aruanno's room,

"sickening him, even though smoking was suppose[d] to be banned."

The District Court dismissed the amended complaint because it "fail[ed] to cure

any of the deficiencies of the original Complaint." The District Court determined that the

amended complaint's allegations regarding the Defendants' failure to protect him from

assault "at most constituted negligence, which is not actionable under § 1983." The

Court also determined that Aruanno's statement that the Defendants should have moved

J.Z. or placed him in a county jail demonstrated dissatisfaction with the Defendants'

professional decision rather than a constitutional violation. The District Court also

denied Aruanno's motions to recuse. Aruanno timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of

the District Court's dismissal order is plenary. See Allah v. Seiverling, 229 F.3d 220,

223 (3d Cir. 2000). We review the District Court's conclusion under 28 U.S.C.

§ 1915(e)(2)(B) that Aruanno failed to state a claim using the same standard that we use

3

for Fed. R. Civ. P. 12(b)(6) dismissals.  See Allah, 229 F.3d at 223.  To pass muster under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In failure-to-protect cases involving a convicted prisoner, the "inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." Bistrian v. Levi, 696 F.3d 352, 367 (3d Cir. 2012) (citations omitted).  Aruanno, as a person who has been involuntarily detained, arguably could show something less than deliberate indifference on the part of the Defendants, as "[p]ersons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." See Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982); see also Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1139 (3d Cir. 1990) (Youngberg's "professional judgment" standard—asking only whether the defendant exercised professional judgment in the situation—governs failure-to-protect claim raised on behalf of an individual involuntarily institutionalized because of a mental disability). We agree with the District Court that mere negligence on the part of Defendants would not constitute a deprivation of liberty

4

under the Due Process Clause. See Davidson v. Cannon, 474 U.S. 344, 347 (1986); Shaw, 920 F.2d at 1143. But we conclude that the allegations of Aruanno's amended complaint plead facts plausibly showing that the Defendants were more than negligent—indeed, we conclude that Aruanno's complaint plausibly states a claim for relief under even the deliberate indifference standard.[1]

Accepting the plausible allegations of the amended complaint as true, as we must, see Chavarriaga v. N.J. Dep't Corr., 806 F.3d 210, 218-19 (3d Cir. 2015), Aruanno's amended complaint plausibly suggests that he might be able to establish a failure-to-protect claim under Bistrian. First, Aruanno alleges that he was detained under conditions posing a substantial risk of harm; i.e., J.Z. was threatening to kill him. Second, Aruanno claims that he told both Defendants about the threat. Finally, Aruanno alleges that Lanigan only said that he would "look into it" and that Johnson said that he "was doing nothing," and that he thereafter was assaulted by J.Z. and got "a bloody nose

---

[1] In his brief, Aruanno insists that the "deliberate indifference" standard, applied in the context of convicted prisoners, applies here. But applying that standard would erect a higher barrier for Aruanno's complaint, as "the plaintiff carries a *greater* burden when trying to show deliberate indifference than when trying to establish a failure to exercise professional judgment." Shaw, 920 F.2d at 1150 (emphasis added). We note that the plaintiff in Youngberg was committed because of mental infirmities, while sexually violent predators "have been civilly committed subsequent to criminal convictions and have been adjudged to pose a danger to the health and safety of others." Hydrick v. Hunter, 500 F.3d 978, 990 (9th Cir. 2007), vacated on other grounds, 556 U.S. 1256 (2009). It is not clear that the rights of sexually violent predators are coextensive with others who are civilly detained. See id. For the purposes of this appeal, we find it unnecessary to determine the proper standard. We leave it to the District Court to determine the applicability of Youngberg, if necessary.

5

on one occasion and hurt his back on another; etc."[2] If the Defendants in fact were aware that Aruanno faced a "substantial risk of harm" from J.Z., and if they deliberately failed to do anything to prevent that harm, they would be liable.[3]

Of course, the Defendants have not had a chance to answer Aruanno's complaint. The Defendants might dispute the facts or have other defenses to the allegations. For example, assuming Youngberg's standard applies, the Defendants might allege that they exercised professional judgment in determining that J.Z. did not pose a significant danger to Aruanno's health and safety. But at this stage, we have no way of knowing what the Defendants actually knew, when they knew it, and whether they exercised professional judgment with regard to any such knowledge. We thus express no opinion on those matters; we hold only that the allegations of the complaint were sufficient to preclude dismissal under § 1915(e)(2)(B).

Aruanno's brief can be construed as raising two additional challenges. First, Aruanno filed two recusal motions in the District Court. To the extent he is challenging the District Court's denial of those motions, we will affirm the District Court's orders.

_____

[2] Aruanno's amended complaint does not give dates for any of these incidents. His original complaint referred to April 1, 2012, but it is not clear if that date should be assigned to any of the incidents reported in the amended complaint.

[3] Aruanno's allegations that J.Z. smoked cigarettes near his cell, which "sickened" Aruanno, is too vague to establish a constitutional violation. Cf. Atkinson v. Taylor, 316 F.3d 257, 262 (3d Cir. 2003) (prisoner states cause of action under Eighth Amendment if "officials have exposed him, with deliberate indifference, to levels of [environmental tobacco smoke] that pose an unreasonable risk of harm to his future health").

6

Aruanno's motions, which expressed his dissatisfaction with some of the Judge's previous rulings in his cases, and which included unsupported allegations of bias, did not warrant recusal under either 28 U.S.C. § 455 or 28 U.S.C. § 144. See SecuraComm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000) (party's displeasure with legal rulings does not form an adequate basis for recusal).

Finally, Aruanno contends that the District Court erred by failing to appoint counsel or a legal guardian to represent him. We do not find that the Court abused its discretion by failing to afford him representation. See Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). At the screening stage, all that was required of Aruanno was to flesh out the facts of his complaint, a task that does not require an attorney. Despite his bald allegations, we have in the past affirmed a decision that found no evidence that Aruanno is legally incompetent, and he has not presented us with any new evidence of ineptitude. See Aruanno v. Davis, 168 F. Supp. 3d 719, 724 (D.N.J. 2016), aff'd, No. 16-1855, 2017 WL 619993 (3d Cir. Feb. 15, 2017). And as we have previously informed Aruanno, we are aware of no legal support for his contention that appointment of an attorney is required under the Americans with Disabilities Act. See Aruanno v. Caldwell, 637 F. App'x 675, 677 n.2 (3d Cir. 2016).[4]

For the foregoing reasons, the District Court's judgment will be vacated and the matter remanded for further proceedings.

---

[4] For the same reasons, we will deny Aruanno's requests for appointment of counsel or a legal guardian contained in his notice of appeal and his brief.