**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4171
_____

RAYMOND ALVES; MICHAEL CULBRETH; DERRICK SESSOMS,
individually and on behalf of all persons similarly situated

v.

MERRILL MAIN, Ph.D., in his official capacity as
Clinical Director of the Special Treatment Unit;
COMMISSIONER NEW JERSEY DEPARTMENT OF HUMAN SERVICES;
LYNN A. KOVICH, in her official capacity as Assistant Commissioner
and Deputy Director of the New Jersey Division of Mental Health and
Addiction Services; ATTORNEY GENERAL NEW JERSEY

Joseph Aruanno,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 2-01-cv-00789)
District Judge:  Honorable Susan D. Wigenton
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
April 20, 2017

Before: AMBRO, KRAUSE and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 21, 2017)

_____

OPINION*

_____

PER CURIAM

Joseph Aruanno appeals from an order of the United States District Court for the District of New Jersey, which denied his motion to reopen the above-captioned case and a motion for appointment of a legal guardian. We will affirm the District Court's orders.

This class action case, concerning mental health treatment for sexually violent predators housed in the State of New Jersey's Special Treatment Unit, reached a settlement in 2012, see Alves v. Main, No. 01-cv-00789, 2012 WL 6043272, at *1 (D.N.J. Dec. 4, 2012), and we affirmed the settlement on appeal, see 559 F. App'x 151, 156 (3d Cir. 2014). Aruanno filed a "Motion to Reopen/Reinstate," dated September 21, 2014. See Dkt. #264. He also filed a motion for appointment of a legal guardian, attaching the September 2014 motion to reopen. See Dkt. #274. The motion to reopen contained a list of ten "points" in support of reopening the case. The District Court denied his motions and Aruanno timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. The District Court construed Aruanno's motion to reopen as a motion under Rule 60(b) of the Federal Rules of Civil Procedure. We review a District Court's denial of relief under Rule 60(b) for abuse of

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

discretion.  See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 & n.5 (3d Cir. 2008).[1]

In order to warrant reopening under Rule 60(b)(6), a movant must demonstrate "extraordinary circumstances."  See Buck v. Davis, 137 S. Ct. 759, 777 (2017); see also Norris v. Brooks, 794 F.3d 401, 404 (3d Cir. 2015) (Rule 60(b)(6) relief appropriate "only in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur") (internal quotation marks omitted).  Aruanno's "points" in support of his motion, which include, for example, failing to receive one-on-one therapy or therapy with a particular doctor, complaints of construction noise and noise in the day room, failing to receive a prize in a trivia contest, and failing to be given a snack, do not rise to the level of "extraordinary circumstances" that would require the District Court to reopen the case.  We discern no error in the District Court's denial of relief under Fed. R. Civ. P. Rule 60(b)(6).

---

[1] The District Court appears to have construed the motion as having been filed pursuant to subsection (b)(6) of that Rule.  As Aruanno's motion addressed issues arising after the time of the settlement, he might have been seeking to reopen under that rule's subsection (b)(2), which allows a court to reopen because of "newly discovered evidence."  But as such a motion must be filed "no more than a year after the entry of the judgment," see Fed. R. Civ. P. 60(c)(1), such a motion would have been untimely.  In contrast, a motion to reopen under subsection (b)(6), which allows reopening for "any other reason that justifies relief," only needs to be "made within a reasonable time," see Fed. R. Civ. P. 60(c)(1).  We thus similarly construe the motion as having been filed under subsection (b)(6).

We also discern no error in the District Court's failure to appoint a legal guardian.[2]

For the foregoing reasons, we will affirm the District Court's orders.

---

[2] See Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993) (court's decision to deny appointment of counsel reviewed for abuse of discretion). Although Aruanno claims he is "incompetent," we have in the past affirmed a decision that found no evidence that Aruanno is legally incompetent, and Aruanno has not presented us with any new evidence that he is incapable of representing himself. See Aruanno v. Davis, 168 F. Supp. 3d 719, 724 (D.N.J. 2016), aff'd, Nos. 16-1855, 16-1856, 16-1857, 2017 WL 619993 (3d Cir. Feb. 15, 2017). And as we have previously informed Aruanno, we are aware of no legal support for his contention that appointment of an attorney is required under the Americans with Disabilities Act. See Aruanno v. Caldwell, 637 F. App'x 675, 677 n.2 (3d Cir. 2016).