**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4019
_____

JOSEPH ARUANNO,
                              Appellant

v.

OFFICER  CALDWELL; MERRILL MAIN;
GEORGE HAYMAN, D.O.C.; JENNIFER VELEZ, D.H.S.;
JOHN - JOHN DOES 1-20 et al
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 2-09-cv-05652)
District Judge:  Honorable William J. Martini
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 23, 2017

Before:  AMBRO, KRAUSE and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 25, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Joseph Aruanno appeals from an order of the United States District Court for the District of New Jersey, which denied his motion to reopen and his motions to reconsider. We will vacate the District Court's orders and remand for further proceedings.

In April of 2015, the District Court awarded Aruanno a default judgment of $5,000 against Officer Corey Caldwell for use of excessive force in his 42 U.S.C. § 1983 suit. We affirmed that judgment on Aruanno's appeal (Caldwell did not participate in the appeal). Aruanno v. Caldwell, C.A. No. 15-2173, 637 F. App'x 675 (3d Cir. 2016). In that opinion, however, we rejected Aruanno's argument that he "should not have to file liens against Caldwell in order to collect the judgment [because] he believe[d] that the state should pay." Id. at 677.

In May 2016, Aruanno filed a "Motion to Reinstate/Reopen and/or Motion to Enforce/Compel," in which he asked the District Court to compel Caldwell to pay the default judgment. Aruanno stated that he did "not have access to information to place liens on his property or garnish his wages" and that he was "not privy to" information regarding Caldwell's location. In the alternative, Aruanno asked the District Court to place liens on Caldwell's property and hold him in contempt.

The District Court concluded that Aruanno had "failed to comply with the State of New Jersey's procedural requirements for requesting the issuance of a writ of execution," citing N.J.S.A.§ 2A:17-1 and N.J.R.C. § 4:59-1.[1] It denied relief without prejudice to

---

[1] Under Rule 69(a)(1) of the Federal Rules of Civil Procedure, "[a] money judgment is enforced by a writ of execution," in "accord with the procedure of the state where the

Aruanno's "right to refile his request in accordance with the appropriate rules and procedures." Aruanno then filed two motions seeking reconsideration. He alleged that "without counsel or at least a law library I have no way of understanding what you are saying," dkt. #54, and that "defendant's [sic] have it so that I cannot review the N.J.S.A., N.J.R.C., etc., you cite, dkt. #55."[2] He stated that another resident suggested that the order might refer to "service and a sheriff's office," dkt. #55, but that he would not know which sheriff to contact as he "has no right to Caldwells [sic] address," Dkt. #54.

The District Court denied relief on the motions, stating that it did not overlook "the conditions of [Aruanno's] confinement that restrict him from having access to legal counsel or a law library when it denied his Motion to Reopen." Dkt. #56 at 2. The Court also stated that Aruanno had not shown "extraordinary circumstances," as he had demonstrated his ability to represent himself in the past and had "shown an ability to adequately follow the rules and procedures of this Court." Id. at 3. The Court stated that any complaints Aruanno had "about access to a law library or other legal resources should be addressed to the New Jersey Department of Corrections, not this Court." Id.

---

court is located." The New Jersey procedures provide, in part, that "the judgment-creditor shall serve a copy of the fully endorsed writ, personally or by ordinary mail, on the judgment-debtor after a levy on the debtor's property has been made by the sheriff or other officer." N.J.R.C. 4:59-1.

[2] Aruanno is civilly confined at the Special Treatment Unit in New Jersey.

We review the District Court's denial of Aruanno's motions pursuant to Rule 60(b) for an abuse of discretion.[3] See Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011). Rule 60(b)(6) permits a litigant to move for relief from judgment for "any other reason that justifies relief." A litigant moving under Rule 60(b)(6) must show "extraordinary circumstances" to justify reopening a final judgment. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). We find such circumstances here, and we hold that the District Court abused its discretion in denying Aruanno's motions. The District Court's orders did ably address Aruanno's contention that he lacks access to legal materials. However, the Court did not address Aruanno's allegation that he does not know Caldwell's address and that he has no right or ability to determine Caldwell's address, due to security concerns. In those circumstances, any victory won against Caldwell would be hollow, as Aruanno has no way to file liens against Caldwell or otherwise recover the judgment from Caldwell. See, e.g., Borromeo v. DiFlorio, 976 A.2d 388, 395 (N.J. Super. Ct. App. Div. 2009) ("It is the responsibility of the judgment creditor to prepare the writ, have it entered by the court clerk, see that it is delivered to the sheriff with instructions as to levying, and conduct discovery to locate and identify the property

---

[3] The District Court's initial denial of Aruanno's motion to reopen was "without prejudice to his right to refile his request in accordance with the appropriate rules and procedures." Dkt. #53. Generally, an order denying relief without prejudice is not a final, appealable order unless "the plaintiff cannot amend or declares his intention to stand on [the pleading]." Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). Aruanno has indicated here that he is unable to comply with the rules and procedures required by the District Court's order; thus, the decision is final and appealable.

4

to be levied upon.). We thus will vacate the District Court's orders and remand for further proceedings, noting that the District court may wish to consider the possible appointment of counsel for the limited purpose of assisting Aruanno in seeking satisfaction of the default judgment.[4]

---

[4] In Aruanno's earlier appeal in this case, we affirmed the District Court's decision denying appointment of counsel. But Aruanno was able to represent himself at that stage of the litigation. See Aruanno v. Caldwell, 637 F. App'x at 677 ("(1) Aruanno's filings demonstrated his ability to present his case; (2) the legal issues were not difficult; and (3) no expert testimony was called for at the time that Aruanno moved for appointment of counsel."). The security and privacy concerns involved in executing judgment may well warrant a different result here.