**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1652
_____

JOSEPH ARUANNO,
                                            Appellant

v.

STEVEN JOHNSON; GARY LANIGAN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-14-cv-01954)
District Judge:  Honorable William J. Martini
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 11, 2022
Before:  KRAUSE, BIBAS and SCIRICA, Circuit Judges

(Opinion filed: March 1, 2022)
_____

OPINION[*]
_____

PER CURIAM

Joseph Aruanno appeals from the order of the District Court dismissing his

complaint as a sanction.  We will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Aruanno, who is civilly committed, has filed numerous civil actions. In this case, he filed suit under 42 U.S.C. § 1983 against the superintendent of his treatment center and the Commissioner of the New Jersey Department of Corrections. His primary allegation was that defendants failed to protect him from an assault by an inmate whom he identified only as "J.Z." The District Court dismissed Aruanno's complaint for failure to state a claim. We remanded after concluding that he stated a failure-to-protect claim, but we affirmed the court's orders denying his motions for recusal and for appointment of counsel. See Aruanno v. Johnson, 683 F. App'x 172, 176 (3d Cir. 2017).

On remand, Aruanno filed more motions for recusal and appointment of counsel, which the District Court denied. The defendants also served Aruanno with discovery requests. They requested, inter alia, that he identify J.Z. and other detainees whom Aruanno claimed had witnessed the alleged assault. Aruanno refused to do so on the ground that he feared for his and the witnesses' safety and would not disclose this information unless the District Court granted a motion for a temporary restraining order ("TRO") that he claimed to have filed. Aruanno's refusal to provide this information (and other discovery) prompted a Magistrate Judge and the District Court to enter a series of orders requiring him to do so. (ECF Nos. 59, 67 and 93.)

After Aruanno still refused, the defendants filed a motion to dismiss his complaint as a sanction, and Aruanno filed a response in opposition. The Magistrate Judge recommended granting defendants' motion and dismissing Aruanno's complaint under

Fed. R. Civ. P. 37(b)(2) for failure to provide discovery and under Fed. R. Civ. P. 41(b) for failure to comply with the court's orders. The Magistrate Judge concluded that dismissal was warranted under the factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). Over Aruanno's objections, the District Court adopted the Magistrate Judge's analysis, provided some of its own, and dismissed Aruanno's complaint with prejudice. Aruanno appeals.[1]

## II.

In Aruanno's briefs, he challenges the District Court's orders (1) denying appointment of counsel, (2) denying recusal, and (3) dismissing his complaint. The first two challenges require little discussion. We affirmed the District Court's denial of Aruanno's previous motions for counsel and recusal. See Aruanno, 683 F. App'x at 176. We also denied Aruanno's subsequent mandamus petition in which he sought recusal again. See In re Aruanno, 796 F. App'x 778, 779 (3d Cir. 2020). Our discussion of recusal in those cases applies equally in this appeal.

As for appointment of counsel, the procedural posture has changed since we last addressed the issue, but the District Court did not abuse its discretion in denying Aruanno's subsequent requests. The District Court applied the proper standard under Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1997). The court concluded that appointment of counsel was not warranted because, inter alia, Aruanno is an experienced litigant who

---

[1] This appeal initially appeared to be untimely, but Aruanno has provided documentation showing that he timely submitted a notice of appeal. Thus, we have jurisdiction over the District Court's final order under 28 U.S.C. § 1291.

3

is able to effectively represent himself.  We agree and conclude that the court did not otherwise abuse its discretion in denying Aruanno's repeated requests.[2]

That leaves the District Court's order dismissing Aruanno's complaint as a sanction.  Defendants argue that dismissal was warranted either (1) because Aruanno's willful refusal to comply with court orders rendered adjudication of this case impossible, or (2) on consideration of the Poulis factors.  We need not address the first of these arguments because we agree with the second.

We review the sanction of dismissal for abuse of discretion.  See Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).  In doing so, we typically are guided by the District Court's application of the Poulis factors.  See id.  But "Poulis did not provide a magic formula," and "not all of the Poulis factors need be satisfied in order to dismiss a complaint.  Instead, the decision must be made in the context of the district court's extended contact with the litigant.  Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by this Court[.]"  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (citation omitted).

In this case, the District Court recognized that dismissal is a drastic sanction of last resort.  See Poulis, 747 F.2d at 867-68, 869.  The court concluded, however, that the Poulis factors warranted dismissal for Aruanno's repeated refusal to provide discovery that unquestionably was relevant to his claim and that was necessary to prepare a defense.

---

[2] We likewise denied Aruanno's motion for appointment of counsel on appeal.  Aruanno asks us to reconsider that ruling in his brief, but he provides no grounds for us to reconsider it and we decline to do so.

4

We might not have assessed all of the Poulis factors exactly as the District Court did.[3] On balance, though, we cannot say that the court abused its discretion in concluding that dismissal was warranted under Poulis. See, e.g., Hicks, 850 F.2d at 155-57 (affirming dismissal under Poulis where plaintiff cited privacy concerns in refusing to be deposed and where the refusal deprived the defendant of the opportunity to prepare a defense).

Aruanno does not directly challenge the District Court's application of Poulis. He does raise two arguments that potentially bear on that issue, but they lack merit. First, in his only mention of Poulis, Aruanno argues that Poulis "applies to" the defendants rather than him because defendants themselves made adjudication of this case impossible by failing to comply with their own discovery obligations. This argument does not state a basis for relief from the order of dismissal. If defendants failed to comply with their discovery obligations in a way that made adjudication of this case impossible (and Aruanno has not shown that they did), then Aruanno's remedy was to file his own motion for sanctions, not to withhold discovery that the District Court ordered him to provide.

Second, Aruanno repeats his argument—which the District Court rejected—that he "could not" provide the discovery in the absence of a TRO that he claimed to require for his and the witnesses' protection. As both this Court and the District Court have noted, Aruanno does not appear to have filed any motion for a TRO. See In re Aruanno, 796 F. App'x at 779 (denying Aruanno's request for an order directing the District Court

---

[3] One of the Poulis factors is the meritoriousness of the plaintiff's claim. See Poulis, 747 F.2d at 868. The Magistrate Judge concluded that he was unable to assess that factor. In Poulis, however, we held that the merits of a claim should be assessed for this purpose on the "allegations of the pleadings." Poulis, 747 F.2d at 870. We already have concluded that Aruanno's complaint states a claim.

5

to rule on the motion where, inter alia, "we cannot locate any motion for a [TRO] on the District Court docket").[4] But even if he had, the District Court was aware of Aruanno's position and nevertheless ordered him to provide discovery, which he repeatedly refused to do. "A party disappointed with a court's ruling may not refuse to proceed and then expect to obtain relief on appeal from an order of dismissal or default." Spain v. Gallegos, 26 F.3d 439, 454 (3d Cir. 1994); see also Hicks, 850 F.2d at 154-56 (affirming dismissal under Poulis for plaintiff's refusal to be deposed where the District Court ordered the deposition notwithstanding his privacy concerns).[5]

III.

For these reasons, we will affirm the judgment of the District Court.

---

[4] Aruanno asserts that the District Court failed to docket his motion for a TRO and that he could not refile it because he did not keep a copy. But Aruanno has filed many documents with the District Court and has raised nothing suggesting that he could not have filed a proper motion for a TRO at any time. Nor has he addressed the basis for or nature of the TRO that he claims to require in anything other than conclusory terms.

[5] Aruanno has not challenged the underlying discovery orders. Thus, we need not address whether he may do so on appeal from the order dismissing his complaint for failing to comply with those orders.